IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | **CIVIL ACTION NO. 6:15-CV-59-JRG** |
| | § | **LEAD CASE** |
| **Bitco General Insurance Corp., f/k/a,** | § | **JURY TRIAL DEMANDED** |
| **Bituminous Casualty Corp.; and** | § | |
| **Bitco National Insurance Co., f/k/a** | § | |
| **Bituminous Fire and Marine Insurance Co.,** | § § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR STAY PENDING
RESOLUTION OF *INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION .................................................................................................1

II.    BACKGROUND ...................................................................................................1

III.   ARGUMENT .........................................................................................................2

       A.     The Law ......................................................................................................2

       B.     A Stay is Unwarranted with Respect to the '177 Patent ............................3

              i. A Stay is Unlikely to Simplify This Case or Streamline Trial ..............3

              ii. The Status of the Case Does Not Favor a Stay ......................................6

              iii. A Stay Will Unduly Prejudice Intellectual Ventures and
                   Present a Clear Tactical Advantage for Defendants. ...........................8

IV.    CONCLUSION ....................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*Ambato Media, LLC v. Clarion Co.*
    No. 2:09-cv-242, 2012 U.S. Dist. LEXIS 7558 (E.D. Tex. Jan. 23, 2012) ..........................8

*Copy Prot. LLC v. Netflix Inc.*
     No. 14-365-LPS, 2015 U.S. Dist. LEXIS 78270 (D. Del. June 17, 2015)  ....................7, 9

*Finjan, Inc. v. Symantec Corp.*
    No. 14-cv-2998, 2015 U.S. Dist. LEXIS 138561 (N.D. Cal. Oct. 9, 2015)  .......................7

*Intellectual Ventures I LLC v. Toshiba Corp.*
    No. 13-453-SLR, 2015 U.S. Dist. LEXIS 63859 (D. Del. May 15, 2015).........................9

*Intellectual Ventures v. Sally Beauty Holdings, Inc*.
    No. 2:15-cv-01414, Dkt. No. 53 (E.D. Tex. Apr. 8 2016)....................................................4

*Invensys Sys. v. Emerson Elec. Co.*
    No. 6:12-cv-799, 2014 U.S. Dist. LEXIS 128454 (E.D. Tex. July 25, 2014) .................3, 5

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*.
    No. 2:13-cv-235, 2014 U.S. Dist. LEXIS 13064 (E.D. Tex. Sept. 18, 2014) .....................2

*NFC Tech. LLC v. HTC Am., Inc.*
    No. 2:13-cv-1058, 2015 U.S. Dist. LEXIS 29573 (E.D. Tex. Mar. 11, 2015) ................6, 8

*Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc.*
    No. 6:11-cv-492, 2015 U.S. Dist. LEXIS 31452 (E.D. Tex. Jan. 5, 2015) .....................7, 8

*Otto Bock HealthCare LP v. Össur HF*
    No. 13-891-CJC, 2015 U.S. Dist. LEXIS 29573 (E.D. Tex. Mar. 11, 2015) ......................3

*Pragmatus Mobile, LLC v. Amazon.com, Inc.*
     No. 13-891-CJC, 2013 U.S. Dist. LEXIS 188428 (C.D. Cal. Dec. 16, 2013)....................7

*Segin Sys. v. Stewart Title Guar. Co.*
    No. 2:13-cv-190, 2014 U.S. Dist. LEXIS 45595 (E.D. Va. Mar. 31, 2014).......................9

*Smartflash LLC v. Apple, Inc.,*
    No. 6:13-cv-447, 2014 U.S. Dist. LEXIS 92615 (E.D. Tex. July 8, 2014)  .......................5

*Soverain Software LLC v. Amazon.com, Inc.*
    356 F. Supp. 2d 660 (E.D. Tex. 2005).................................................................................2

*Trover Group, Inc. v. Dedicated Micros USA*
      No. 2:13-cv-1047, 2015 U.S. Dist. LEXIS 29572 (E.D. Tex. Mar. 11, 2015) ............2, 4, 7

*TruePosition, Inc. v. Polaris Wireless, Inc.*
      No. 12-646-RGA, 2013 U.S. Dist. LEXIS 150764 (D. Del. Oct. 21, 2013) .......................3

*Unifi Sci. Batteries, LLC v. Sony Mobile Communs. AB*
      No. 6:12-cv-224, 2014 U.S. Dist. LEXIS 129388 (E.D. Tex. Jan. 14, 2014.......................7

*VoltStar Techs., Inc. v. Superior Commc'ns, Inc.*
      No. 2:13-cv-0097, 2013 U.S. Dist. LEXIS 119190 (E.D. Tex. Aug. 22, 2013)..................8

*Walker Digital, LLC v. Google, Inc.*
      No. 11-318-LPS, 2014 U.S. Dist. LEXIS 85539 (D. Del. June 24, 2014) ..........................9

**Statutes**

35 U.S.C. § 42.71(d)(2) ................................................................................................................8

35 U.S.C.§ 311(b)..........................................................................................................................5

35 U.S.C.§ 315(e)(2) .....................................................................................................................5

35 U.S.C. § 316(a)(11) ..................................................................................................................8

35 U.S.C. § 326(a)(11) ..................................................................................................................8

77 Fed. Reg. at 48768 157 ............................................................................................................8

COMES NOW Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures") and requests that the Court deny Defendants' Motion for Stay Pending Resolution of *Inter Partes* Review of the Patents-In-Suit (the "Motion") as premature and on the merits.

## I.     INTRODUCTION

Starting on August 12, 2015, Defendants have filed four petitions before the Patent Trial & Appeal Board (the "Board") challenging U.S. Patent No. 7,516,177 ("the '177 Patent"). But the two proceedings that have been instituted by the Board do not cover the waterfront of this case—despite Defendants' attempts, the Board denied on the merits their petitions to institute proceedings on asserted claim 14 of the '177 Patent and denied in full the Defendants' CBM petition. The most recent petition is four months from the institution decision deadline. The patent owners' preliminary response has not been filed, and the Board has yet to review it.

This District has a strong practice of declining to consider motions to stay before the institution decision issues. And, as Courts in this District and elsewhere have recognized, a stay is not appropriate when the Board's review does not cover all claims asserted in the litigation—especially when the stay is sought after the claims have been construed and the parties are quickly moving to trial. The Defendants have provided no reason to deviate from this Court's general practice of denying stays in these circumstances. Indeed, there is none.

## II.    BACKGROUND

Intellectual Ventures initially filed suit against Defendants on January 20, 2015 asserting infringement of the '177 Patent.[1] Eight months after the Defendants were sued, on August 12,

---

[1] Intellectual Ventures previously asserted U.S. Patent No. 8,929,555 ("the '555 Patent") against Defendants. *See, e.g.*, Dkt. No. 24. Defendants also filed petitions with the Board challenging the '555 Patent, but Intellectual Ventures is no longer asserting the '555 Patent against the Defendants. Intellectual Ventures intends to file a stipulation of dismissal shortly.

2015, Defendants filed two *inter partes* review ("IPR") petitions and one petition for a covered business method ("CBM") review of the '177 Patent. On February 9, 2015, the Board denied the CBM petition. Dkt. No. 131-4. While the Board instituted both of the IPR petitions, it denied institution of asserted claim 14. Dkt. No. 131-2 at 16; Dkt. No. 131-3 at 20. Shortly before the Board issued its decisions on the first two IPR petitions and the CBM petition, Defendants filed another petition. A decision on this third IPR petition is not due until July.

### III.   ARGUMENT

#### A.  The Law

As this Court has previously recognized, it has broad discretion regarding a stay of the proceedings. "The district court has the inherent power to control its docket, including the power to stay proceedings" pending the completion of reexamination proceedings. *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-235-JRG, 2014 U.S. Dist. LEXIS 130645, at *11 (E.D. Tex. Sept. 18, 2014) (Gilstrap, J.) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (Davis, J.)). "The Court places much importance on proceeding to trial on the date set forth in the scheduling order, unless extraordinary circumstances arise." *Id.* at *11. To determine if the movant has shown that a stay pending the completion of IPR proceedings is proper, courts typically consider three factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) whether discovery is complete and whether a trial date has been set. *Id.* (citing *Soverain*, 356 F. Supp. 2d at 662).

Moreover, Courts in this District uniformly deny motions to stay before the Board has ruled on an IPR petition. Indeed, this District has a "universal practice" of denying motions to stay that turn on non-instituted IPR petitions. *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-

1047-WCB, 2015 U.S. Dist. LEXIS 29572, at *17 (E.D. Tex. Mar. 11, 2015) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have <u>uniformly</u> denied motions for a stay.") (collecting cases) (emphasis added). This is just such a situation.

### B. A Stay is Unwarranted with Respect to the '177 Patent.

Given that not all asserted claims are currently under Board review, the Court should decline to stay this case. The likelihood that a case will be meaningfully simplified is small. Even if the Board institutes the IPR on the remaining asserted claim, the ability for Defendants to repackage their invalidity defenses will not streamline trial or simplify the case. Further, before the IPR decisions are due, this case will have completed fact and expert discovery, which favors denial of a stay. Finally, a stay will unduly prejudice Intellectual Ventures by effectively freezing its licensing efforts for the '177 Patent.

### i. A Stay Is Unlikely to Simplify This Case or Streamline Trial.

First, given that an asserted claim is not under Board review, a stay will not meaningfully simplify this case. When the Board has not instituted an IPR on all asserted claims, as here, simplification is minimal. *See Otto Bock HealthCare LP v. Össur HF*, No. 13-891-CJC, 2013 U.S. Dist. LEXIS 188428, *5-6 (C.D. Cal. Dec. 16, 2013) ("The fact that Össur's petition for *inter partes* review encompasses only two of the four asserted claims in this case further weights against granting a stay."); *TruePosition, Inc. v. Polaris Wireless, Inc.*, No. 12-646-RGA, 2013 U.S. Dist. LEXIS 150764, at *13 (D. Del. Oct. 21, 2013) (holding simplification factor weighed against a stay when asserted claims were not challenged); *Invensys Sys. v. Emerson Elec. Co*., No. 6:12-cv-799, 2014 U.S. Dist. LEXIS 128454, at *10 (E.D. Tex. July 25, 2014) (holding simplification factor disfavored a stay when not all asserted claims and patents were subject to Board review).

And granting a motion to stay based on the pending IPR petition that addresses claim 14 would contradict this Court's universal practice of denying motions to stay for non-instituted petitions because any simplification is purely speculative. *Trover Group*, 2015 U.S. Dist. LEXIS 29572, at *17. Thus, a stay is premature.

Defendants argue that IPR statistics support a stay. Motion at 7. But those statistics are misleading, and it is speculative to extrapolate from those numbers to this case. *Intellectual Ventures v. Sally Beauty Holdings, Inc*., No. 2:15-cv-01414-JRG, Dkt. No. 53, at *2 (E.D. Tex. Apr. 8 2016) ("[I]t would be speculative for the Court to extrapolate from the cited statistics and conclude that the PTAB will institute CBM review in this case and then go further to invalidate some or all of the claims of the challenged patents."). The overall statistics for the number of IPR petitions that are reviewed, the number that are instituted, and the number of claims that are ultimately invalidated are not enlightening as to the likely disposition of any particular patents or claims, since the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute. *Id*. at *2–3; *Trover Group*, 2015 U.S. Dist. LEXIS 29572, at *13 (concluding IPR statistics were speculative). That is especially true given that the Board has already denied institution of claim 14 of the '177 Patent on the merits. Indeed, the Board's Acting Deputy Chief Judge Scott Boalick recently reinforced that these statistics should be discounted. *See* Jimmy Hoover, *Top PTAB Judge Tells Attys Not to Lose Sleep Over AIA Stats*, Law360, (April 8, 2016) (Voss Decl. at Exh. A).

While the Defendants maintain that this Court should weigh their generic statistical speculation, they ignore that the scope of this case is largely the same whether the parties litigate one asserted claim or all asserted claims. Regardless of which claims are at-issue, the parties will take expert discovery and complete fact discovery on the details of the accused systems and

methods. An infringement trial on one asserted claim will be largely indistinguishable from a trial on all asserted claims. Thus, as long as a single asserted claim—such as claim 14—remains after Board review, the Defendants will not enjoy the benefit of a decreased scope of infringement allegations.

Further, the IPR proceedings will not necessarily streamline the validity case. In an IPR, the Board may consider only patents and printed publications as prior art references. 35 U.S.C. § 311(b). Defendants have cited at least 10 "systems" as allegedly invalidating prior art. These systems include "My Yahoo," "Freshman FishWrap," "My Excite," "Sony ola™ Server," the "WebTagger Prototype," and others. *See, e.g.*, Voss Decl. at Exh. B–F (Invalidity Contention system charts). Consequently, the Defendants will likely argue that those prior art systems are not subject to the IPR's estoppel provision. *See* 35 U.S.C. § 315(e)(2). And when prior art references remain for District Court adjudication, "simplification is likely to be minimal." *Invensys Sys. v. Emerson Elec. Co.*, No. 6:12-cv-799, 2014 U.S. Dist. LEXIS 128454, at *10 (E.D. Tex. July 25, 2014).

Moreover, Defendants have raised other invalidity arguments with respect to the '177 Patent that are outside the purview of IPR review. For example, the Defendants assert that claim 11 (and thus claim 14 via dependency) is invalid for lack of written description. Voss Decl. at Exh. G at 15 (Bitco Amended Invalidity Contentions); Exh. H at 15 (Great West Amended Invalidity Contentions). Similarly, Defendants allege both enablement and indefiniteness defenses as to all of the asserted claims. Voss Decl. at Exh. G and Exh. H at 17–22. Unless the Board finds every claim of the '177 Patent invalid—and it already has denied institution on claim 14 of the '177 Patent—significant invalidity issues will remain. And the benefit of a stay is reduced when validity issues are likely to remain after Board review. *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-447,

2014 U.S. Dist. LEXIS 92615, at *13 (E.D. Tex. July 8, 2014) (collecting cases). Thus, Defendants reserve the right to repackage their prior art case and present a full invalidity defense post-stay.

Finally, Defendants' reliance on Judge Bryson's decision in *NFC Tech.* is misplaced. While it is true that the Board did not institute review of all the asserted claims in *NFC Tech.*, Defendants omit a key fact—the lack of complete IPR coverage of the asserted claims was chargeable to the plaintiff, not the defendant. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 U.S. Dist. LEXIS 29573, at *22 (E.D. Tex. Mar. 11, 2015) ("The reason that three of the claims of '664 patent were not included in the defendants' original petition for *inter partes* review of the '664 patent is that at the time the petition was filed, [plaintiff] had not asserted those claims . . . ."). Here, Defendants specifically sought review of claim 14 of the '177 Patent, yet the Board declined review on the merits. Dkt. No. 131-2 at 16; Dkt. No. 131-3 at 20. Thus, unlike in *NFC Tech.*, the fact that an asserted claim is not within the scope of the IPR petitions is chargeable to Defendants.

Because not all claims are currently under Board review and validity issues will remain regardless of that review, the simplification factor weighs against a stay.

### ii.   The Status of the Case Does Not Favor a Stay.

This case is not so nascent that a stay is warranted. Instead, this case is progressing towards expert discovery, dispositive motions, and trial, with jury selection set for September 12, 2016. Dkt. No. 136. The parties have exchanged initial infringement and invalidity contentions. The Court has issued its Claim Construction order. Fact discovery will close on May 6, 2016, around the same time as briefing on this Motion will be completed. *Id*. Defendants argue "that important deposition discovery (including the deposition of IV's principal founder, Dr. Nathan Myhrvold) remains." Motion at 6. But Defendants have taken Dr. Myhrvold's deposition and others since filing their Motion. The Board is not expected to issue its first final written decisions until February

9, 2017. And the additional duration of any appeals "could easily double or triple the timeframe" for those final decisions. *Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-cv-4922015 U.S. Dist. LEXIS 31452, at *21 (E.D. Tex. Jan. 5, 2015) (holding that the considerable delay caused via appeal weighed against maintaining a stay). Thus, the District Court trial of this case will occur five months before the first anticipated final written decision.[2] All of these facts counsel against a stay.

Moreover, case law from this district and others indicates that the late stage of this case weighs against a stay. *Unifi Sci. Batteries, LLC v. Sony Mobile Communs. AB*, No. 6:12-cv-224, 2014 U.S. Dist. LEXIS 129388, *13 (E.D. Tex. Jan. 14, 2014) (holding status of case did not favor stay even though IPR proceedings had started, claim construction was underway, and trial was set for over a year after the initial stay motion was filed); *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-2998, 2015 U.S. Dist. LEXIS 138561, at *6 (N.D. Cal. Oct. 9, 2015) ("This case has progressed further than the Court would prefer to see at the time it considers a motion to stay pending IPR: the parties have already submitted their claims construction briefs and the Court has held a claims construction hearing."); *see also Trover Group*, 2015 U.S. Dist. LEXIS 29572, at *8 (finding this factor "neutral or to cut against a stay" where the Board had yet to issue IPR decision, parties had started discovery, and claim construction briefing had concluded); *Pragmatus Mobile, LLC v. Amazon.com, Inc.*, 2015 U.S. Dist. LEXIS 82256, at *3 (D. Del. June 17, 2015) (finding that status of the case weighed against a stay when the trial date and the institution decision were set set for around the same time and the parties were about to complete claim construction); *Copy Prot., LLC v. Netflix, Inc.*, No. 14-365-LPS, 2005 U.S. Dist. LEXIS 78270, at *3 (D. Del. June 17, 2015)

---

[2] The trial will occur 10 months before a final written decision in the most recently filed IPR petition—if review is even instituted.

(same). And as Defendants concede, Judge Bryson held that the stage of litigation factor in *NFC Tech.*—which was at a similar stage to this case—was neutral or cut against a stay. 2015 U.S. Dist LEXIS 29573, at *11–12.

Because this case is closer to trial than a final Board decision covering less than all asserted claims, this factor weighs against a stay.

### iii. A Stay Will Unduly Prejudice Intellectual Ventures and Present a Clear Tactical Advantage for Defendants.

A stay will prejudice Intellectual Ventures because it has "an interest in the timely enforcement of its patent rights." *VoltStar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:13-cv-0097, 2013 U.S. Dist LEXIS 119190, at *6 (E.D. Tex. Aug. 22, 2013) (Gilstrap, J.) (quoting *Ambato Media*, 2012 U.S. Dist. LEXIS 7558, at *4). As Defendants concede, that interest is entitled weight. *NFC Tech. LLC*, 2015 U.S. Dist. LEXIS 29573, at *7.

The IPR proceedings will likely take almost two years to become final. The Board has yet to rule on the Defendants' latest IPR petition and is not scheduled to issue an institution decision for another three months. The instituted IPR proceedings before the Board, which do not cover all of the asserted claims, will take an additional 10 to 16 months to complete. 35 U.S.C. § 326(a)(11); 35 U.S.C. § 316(a)(11). Any requests for Board rehearing could further extend the process by at least two months. 35 U.S.C. § 42.71(d)(2); Office Patent Trial Practice Guide, 77 Fed. Reg. at 48768. An appeal to the Federal Circuit could take over an additional year. *See Network-1 Sec. Solutions*, 2015 U.S. Dist. LEXIS 31452, at *22 n.8 (E.D. Tex. Jan. 5, 2015) (explaining staying litigation during appeals could run counter to the goals of IPR proceedings). The reality is that the IPR proceedings are unlikely to become final through appeal before 2018, such that a stay will largely consume the remaining life of the '177 Patent, which is set to expire in May 2020. Derailing this case by years will significantly prejudice Intellectual Ventures.

Defendants are incorrect that a stay will not prejudice Intellectual Ventures on the basis that it does not compete with Defendants. Motion at 5. Courts have acknowledged on more than one occasion that a stay can unduly prejudice licensing entities. *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 2015 U.S. Dist. LEXIS 63859, at *7–8 (D. Del. May 15, 2015); *Copy Prot. LLC v. Netflix Inc.*, No. 14-365-LPS, 2015 U.S. Dist. LEXIS 78270, at *2 (D. Del. June 17, 2015; *Walker Digital LLC v. Google Inc.*, No. 11-318-LPS, 2014 U.S. Dist. LEXIS 85539, at *3–4 (D. Del. June 24, 2014). Intellectual Ventures has a licensing line of business, and, as other courts have found, an extended stay will unduly prejudice it by hampering its ability to license its asserted patents. *Intellectual Ventures I*, 2015 U.S. Dist. LEXIS 63859, at *7–8 (holding that "[b]ecause patent licensing is a core aspect of IV's business, and because there has already been substantial delay (pre- and post-litigation) in moving the parties' dispute forward, … a stay would unduly prejudice and present a clear tactical disadvantage to IV"); *see also Walker Digital*, 2014 U.S. Dist. LEXIS 85539, at *3–4 (finding that "although plaintiff does not actively practice the patents and, therefore, does not compete with [Defendant], it is also true that the longer [Defendant] is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets."). Thus, the fact that Intellectual Ventures does not compete with Defendants does not mandate a stay.

Further, a stay will likely provide a tactical advantage to the Defendants. As explained above, Defendants will be able to raise in this litigation invalidity positions not considered by the Board. Thus, a three-year stay would allow the Defendants to continue to infringe the '177 Patent without significantly impairing any of their invalidity defenses should the proceedings fail to invalidate every asserted claim. That reality weighs against a stay. *See Segin Sys. v. Stewart Title Guar. Co.*, No. 2:13-cv-190, 2014 U.S. Dist. LEXIS 45595, at *20–21 (E.D. Va. Mar. 31, 2014)

("That Defendants may have two separate opportunities in two separate forums to challenge the validity of Plaintiffs' patent does raise a concern of an unfair tactical advantage, giving them two bites of the apple as to a central defense.").

Consequently, this factor weighs against a stay.

## IV.   CONCLUSION

Because all of the factors weigh against a stay, Intellectual Ventures respectfully requests that this Court deny Defendants' Motion. A Proposed Order is attached.

Respectfully submitted,

/s/ Kirk Voss

**Kirk Voss**

**DEREK GILLILAND**
STATE BAR NO. 24007239
**KIRK VOSS**
STATE BAR NO. 24075229
**WINN CUTLER**
STATE BAR NO. 24084364
**CHRISTIAN J. HURT**
STATE BAR NO. 24059987
**ROSS LEONOUDAKIS**
STATE BAR NO. 24087915
**NIX PATTERSON & ROACH, L.L.P.**
Advancial Tower
1845 Woodall Rodgers Freeway
Suite 1050
Dallas, Texas 75201
972.831.1188 (telephone)
972.444.0716 (facsimile)
dgilliland@nixlaw.com
kirkvossi@nixlaw.com
winncutler@nixlaw.com
christianhurt@nixlaw.com
rossl@nixlaw.com

Case 6:18-cv-00298-JRG   Document 138   Filed 04/15/16   Page 15 of 15 PageID #: 3168

        **BEN KING**
        STATE BAR NO. 24048592
        **NIX PATTERSON & ROACH, L.L.P.**
        2900 St. Michael Drive, Suite 500
        Texarkana, Texas 75503
        903.223.3999 (telephone)
        903.223.8520 (facsimile)
        benking@nixlaw.com

        **ATTORNEYS FOR PLAINTIFFS**
        **INTELLECTUAL VENTURES I LLC**
        **and**
        **INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service on this the 15th day of April, 2016.

        /s/ Kirk Voss
        _____
        **NIX PATTERSON & ROACH, L.L.P.**

**INTELLECTUAL VENTURES' RESPONSE TO DEFENDANTS' MOTION TO STAY**    Page 11 of 11