RESTRICTED—OUTSIDE COUNSELS' EYES ONLY                FILED UNDER SEAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 6:18-CV-298-JRG |
| | § | **LEAD CASE** |
| **BITCO General Insurance Corp., f/k/a, Bituminous Casualty Corp.; and BITCO National Insurance Co., f/k/a Bituminous Fire and Marine Insurance Co.,** | § § § § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 6:18-CV-299-JRG |
| **Great West Casualty Company,** | § § | |
| *Defendant*. | § § | |

### PLAINTIFF INTELLECTUAL VENTURES II LLC'S MOTION *IN LIMINE*

### CONFIDENTIAL – FILED UNDER SEAL

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:** This pleading contains documents or things that are subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties or for the Court and its personnel.

**PLAINTIFFS' RESPONSE TO MSJ ON OPTICAL CHARACTERISTICS LIMITATION**

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FILED UNDER SEAL

# TABLE OF CONTENTS

I.     INTRODUCTION……………………………………………………………………… 1

II.    GENERAL STATEMENT……………………………………………………………1

II.    MOTION *IN LIMINE* – AGREED TOPICS……………………………………………1

IV.    MOTION *IN LIMINE* – OPPOSED TOPICS……………………………………………1

   1.  ████████████████████████████████████████████████
       ████████████████████████████████████
       ████████████████████████████████████████████████

   2.  Exclude evidence relating to any post-grant proceedings involving the Patent-in-Suit or any other patents owned by IV, including but not limited to IV's affirmative disclaimer of patent claims……………………………………………2

   3.  Exclude evidence or argument relating to any other litigation involving IV and any orders therefrom, including lawsuits between IV and Defendants' parent company, Old Republic, any other insurance company, or any other company of any kind…………………………………………………………………… . 3

   4.  Exclude evidence or argument relating to an alleged "████████████," "████████████," or any other alleged ████████████ by IV………..3

   5.  Exclude evidence or argument relating to any "████████████" by IV……..4

   6.  ████████████████████████████████████████████████
       ████████████████████████████████████████████████

   7.  ████████████████████████████████████████████████
       ████████████████████████████████████████████████

   8.  Exclude evidence or argument relating to any Attorney/Client Relationship or Legal fees and expenses………………………………………………………..5

   9.  Exclude evidence or argument relating to any Court rulings on evidence……….6

   10. Exclude evidence or argument relating to any Court rulings on motions *in limine*……………………………………………………………………..6

   11. Exclude evidence or argument relating to any Court rulings on claim construction……………………………………………………………………….6

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FILED UNDER SEAL

12. Exclude evidence or argument relating to any untimely claim construction arguments and arguments that conflict with or are outside the Court's claim construction order……………………………………………………………………6

13. Exclude evidence or argument relating to any uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as a exhibit and displaying uncharted prior art as a demonstrative………………………………………………………………………..7

14. Exclude evidence or argument offered to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Crovella's declaration……………8

15. Exclude evidence or argument relating to any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case………………………………………………………………………………….10

16. Exclude evidence or argument relating to any amended pleadings, discovery and contentions…………………………………………………………………………10

17. Exclude evidence or argument relating to location of the Parties' Corporate Headquarters……………………………………………………………………..11

18. Exclude evidence or argument relating to any alleged USPTO Workload……...11

19. Exclude evidence or argument relating to any alleged local effect of a judgment……………………………………………………………………………12

20. Exclude evidence or argument relating to any testimony, evidence, or argument regarding Defendants' patents that allegedly relate to any Accused Products…..12

21. Exclude evidence or argument relating to any witnesses not disclosed during discovery……………………………………………………………………………13

Exclude evidence or argument relating to any documents or tangible things not produced during discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V. CONCLUSION……………………………………………………………………..14

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FILED UNDER SEAL

# TABLE OF AUTHORITIES

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ..................................10

*Broadcom v. Emulex Corp.*,
   SACV 09-01058-JVS, 2011 U.S. Dist. LEXIS 158649 (C.D. Cal. Aug. 10, 20100)……10

*C.R. Bard, Inc. v. Angiodynamics, Inc.*
   No. 2017-1851, 2018 WL 4677441 (Fed. Cir. Sept. 28, 2018) ........................................9

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 2:13-CV-01112-JRG, 2015 WL 11089490 (E.D. Tex. Sept. 4, 2015) ........................2

*DataTreasuryt Corp. v. Wells Fargo & Co., et al,*
   Civ. No. 2:07cv72, Dkt. No. 1982 (E.D. Tex. Feb. 26, 2010)...........................................12

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*,
   No. 2:15-cv-00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017)..................................8

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
   276 F. Supp. 3d 629 (E.D. Tex. 2017))..............................................................................9

*EZ Dck, Inc. v. Shafer Sys., Inc.*
   No. 98-2364 (RHK/AJB), 2003 WL 1610781, 2003 U.S. Dist. LEXIS 3634
   (D. Minn. Mar. 8, 2003).....................................................................................................11

*JumpSport, Inc. v. Acad., Ltd.*,
   No. 6:17-cv-414-RWS-JDL, 2018 U.S. Dist. LEXIS 146019,
    (E.D. Tex. August 28, 2018)..............................................................................................7

*Metaswitch Networks Ltd. v. Genband US LLC,*
   No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) .......................3

*NetAirus Techs., LLC v. Apple, Inc.*,
   No. LACV1003257JAKEX, 2012 WL 12884837 (C.D. Cal. Feb. 27, 2012) .....................9

*Perdiemco, LLC v. Industrack LLC,*
   No. 2:15-cv-00727-JRG, Dkt. 250 (E.D. Tex Oct. 13, 2016)..............................................8

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
    No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) ...................... 2

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) ........................ 2

*United States v Fountain*,
    2 F.3d 656 (6th Cir. 1993 ................................................................................................ 12

*United States v Polakoff*
    439 F. 2d 1113 (5th Cir. 1971) ........................................................................................ 11

*Voter Verified, Inc. v. Election Sys. & Software, Inc*
    No. 609-CV-1969-ORL-19, 2011 WL 250426, 2011 U.S. Dist. LEXIS 6956,
    M.D. Fla. Jan. 25, 2011) ................................................................................................... 9

*Voter Verified, Inc. v. Premier Election Sols., Inc.*,
    698 F.3d 1374 (Fed Cir. 2012) .......................................................................................... 9

*Woodland Tr. v. Flowertree Nursery, Inc.*,
    148 F.3d 1368 (Fed. Cir. 1998) ......................................................................................... 9

**Statutes & Rules**

Fed. R. Evid. 401 ............................................................................................................... *passim*

Fed. R. Evid. 403 ............................................................................................................... *passim*

Fed. R. Evid. 408 ............................................................................................................... *passim*

Fed. R. Civ. P. 26 ....................................................................................................................... 13

Fed. R. Civ. P. 37 ....................................................................................................................... 12

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER          FILED UNDER SEAL

**I.     INTRODUCTION**

Plaintiff Intellectual Ventures II LLC ("Plaintiff" or "IV"), prior to announcing ready and before any proceedings are had before a jury in this case, moves the Court for an Order *in limine*, restricting opposing counsel, opposing parties, and witnesses called on behalf of opposing parties from mentioning certain matters, and for the same would respectfully show the Court as follows:

**II.    GENERAL STATEMENT**

The matters described in Section III and IV below are not admissible in evidence for any purpose and have no bearing on the issue or rights of the parties in this case. Permitting interrogation or witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters described in Section III and IV would irreparably prejudice Plaintiff and irreparably taint the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice, but will reinforce the development of questionable evidence. As such, Defendants and all of their witnesses (called live or by deposition) should be instructed to refrain from commenting on the matters that are the subject of this Motion.

IV has met and conferred with Defendants to determine whether they oppose an Order *in Limine* on each of the issues set forth herein.

**III    MOTION *IN LIMINE* – AGREED TOPICS**

The Parties have agreed on certain matters each side presented during the recent meet and confer on *in Limine* topics. They have filed a Joint Agreed Motion *in Limine* addressing these matters. (Dkt. No. 233).

**IV.    MOTION *IN LIMINE* – OPPOSED TOPICS**

■ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1



*See Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, 2016 U.S. Dist. LEXIS 182585, at *2-3 (E.D. Tex. Sept. 21, 2016) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089490, 2015 U.S. Dist. LEXIS 176753 at *8 (E.D. Tex. Sept. 4, 2015) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, 201 U.S. Dist. LEXISS 20306, at *6 (E.D. Tex. Jan. 31, 2015) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Defendants seek to preserve the ability to present lines of argument that this Court has found to be inappropriate on multiple occasions. IV's motion should be granted.

2. **Exclude evidence relating to any post-grant proceedings involving the Patent-in-Suit or any other patents owned by IV, including but not limited to IV's affirmative disclaimer of patent claims.**

IV requests the Court to exclude any references to Defendants' petitions for *inter partes* review or covered business method review filed against the patents-in-suit under Federal Rules of Evidence 401 and 403. Introducing evidence related to a parallel proceeding would be prejudicial to IV and create jury confusion. IV's day in court should not be eclipsed by Defendants' attempt

to pursue an alternative remedy before a different (administrative) tribunal. In fact, parties before this Court facing similar circumstances have previously agreed to keep such evidence from the jury. *See Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, 2015 U.S. Dist. LEXIS 25420, at *10-11 (E.D. Tex. Mar. 1, 2016) (granting parties' agreed motion *in limine* to "Exclude any argument, testimony, evidence, or reference to any reexamination petition, *inter partes* review petition, or other post-grant review proceedings before the U.S. Patent & Trademark Office"). The same should be done here.

3. **Exclude evidence or argument relating to any other litigation involving IV and any orders therefrom, including lawsuits between IV and Defendants' parent company, Old Republic, any other insurance company, or any other company of any kind.**

IV requests the Court to exclude evidence or argument relating to litigation between IV and Defendants' parent company, Old Republic, any other insurance company, or any other company of any kind. Defendants have not established any relevance to the evidence under Federal Rules of Evidence 401 and 402, and the risk of jury confusion bars introduction of the evidence under Federal Rule of Evidence 403. The Court should grant this motion *in limine* so that this trial can proceed without distracting the jury with references to other lawsuits before other tribunals.

4. **Exclude evidence or argument relating to an alleged "▇▇▇▇▇▇▇▇," "▇▇▇▇▇▇," or any other ▇▇▇▇▇▇▇▇▇ by IV.**



▇▇▇ Defendants have not established any relevance to the evidence under Federal Rules of Evidence 401 and 402, and the risk of jury confusion bars introduction of the evidence under Federal Rule of Evidence 403. Defendants have previously questioned IV witness about such ▇▇▇▇▇▇▇s, indicating a desire to inject collateral business and legal proceedings into this case without any evidence of relevance. All such arguments are intended to do is confuse and

3

mislead the jury and encourage a verdict based on things other than the Patent-in-Suit or the Accused Instrumentalities. As such, any reference to or arguments about such alleged programs should be excluded.

**5.    Exclude evidence or argument relating to any ███████████████" by IV.**

Similar to the foregoing motion, IV requests that the Court exclude any reference or discussion of a "divestiture program" at IV. The alleged divestiture program involves the sale of patent assets by IV to third parties. Any such transactions involve patents and parties that are wholly unrelated to the present suit, yet Defendants' deposition questioning has indicated a desire to introduce irrelevant facts and circumstances to the jury. Such facts and circumstances do not involve the Patents-in-Suit, the Accused Instrumentalities, or the parties, and as such, are wholly irrelevant under Federal Rule of Evidence 401. Introduction of such relevant facts would only confuse and mislead the jury, and as such should be excluded under Federal Rule of Evidence 403.

**6.    ███████████████████████████████████████████████**
**███████████████████████████████**

Defendants have indicated a desire to question IV's founder and possibly other witnesses about statements in emails drafted by or otherwise attributable ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████ None of these statements are connected to the Defendants, the Patents-in-Suit, the Accused Instrumentalities, or other aspects of this case. As such, allowing these statements or questions and arguments related to these statements would only mislead the jury and unfairly prejudice IV. As such, they should be excluded under Federal Rules of Evidence 401, 402, and 403.

**7.    ███████████████████████████████████████████████**

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FILED UNDER SEAL

███████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████. Such testimony has no bearing on the Patents-in-Suit, the Accused Instrumentalities, or any issues that the jury must decide. Any such evidence is irrelevant and will only confuse and mislead the jury as well as unfairly prejudice IV. Such evidence should be excluded under Federal Rules of Evidence 401 and 403.

**8.   Exclude evidence or argument relating to any Attorney/Client Relationship or legal fees and expenses.**

The Parties should be prohibited from offering any statement, comment, reference, or criticism of or relating to the time or circumstances under which the Parties employed their attorneys, or any statements inferring that Plaintiff has been improperly influenced into pursuing this case by its counsel.  Likewise, Parties should be prohibited from offering any statement, comment, reference, inference, mention, question, interrogation, or argument of how and/or whether the Parties' attorneys representation is on a contingent fee or cash fee basis, or any other kind of fee and who is paying expenses in connection with this litigation.  Such matters are not relevant to any issue in the case and would be sought solely to unfairly prejudice the Parties' position without any probative value whatsoever. Fed. R. Evid. 401, 402, 403. In the same vein, any statement, comment, reference, inference, mention, question, interrogation, or argument of how and/or whether the Parties attorneys have advanced any fees or monies to the Parties in connection with this litigation should also be prohibited, for the same reasons. Defendants should be prohibited from referring to the amount of legal fees and expenses that they have incurred in defending this litigation.  The amount of legal fees and expenses incurred is not relevant to any issue for the jury's consideration, and would therefore serve to unduly prejudice IV, mislead the

jury, and waste time. Fed. R. Evid. 401, 402, 403.

**9.     Exclude evidence or argument relating to any Court rulings on evidence.**

Any comments, statements, or argument to the effect that the Parties have and/or had evidence to refute an opposing Parties' claims but were barred from using that evidence by the Federal Rules of Evidence should be prohibited, as the probative value of such an argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 401, 402, 403.

**10.    Exclude evidence or argument relating to any Court rulings on motions *in limine*.**

For the same reasons, any statement, comment, question, reference, argument, or mention by the Parties that the Parties have filed a Motion *in Limine* should be prohibited, as should any reference to any ruling by the Court in response to this Motion. Fed. R. Evid. 401, 402, 403.

**11.    Exclude evidence or argument relating to any Court rulings on claim construction.**

The parties should be precluded from making any statement, comment, question, reference, or argument to the jury about the Parties' claim construction briefing or positions taken therein, provided that the Parties shall not thereby be precluded from discussing the Court's claims constructions themselves or the Court's rationale for its claims constructions as set out in the Court's *Markman* Memorandums and Opinions. Arguing about claims construction issues that the Court has already decided offers little if any probative value, and any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 401, 402, 403.

**12.    Exclude evidence or argument relating to any untimely claim construction arguments and arguments that conflict with or are outside the Court's claim construction order.**

In its expert reports and summary judgment briefing, Defendants have attempted to avoid

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER         FILED UNDER SEAL

infringement by for the first-time raising claim construction issues that were never presented to the Court. Specifically, Defendants' expert has opined that the word "any" in claim 14 of the Patent-in-Suit requires a user to be able to manage all content contributed at all times. *See* Exhibit F, Crovella Depo at 83:5-84:24. Defendants waived this claim construction argument by not raising it at the appropriate time. IV requests that the Court prevent Defendants from making these claim construction arguments to the jury as they would only confuse and mislead the jury. Fed. R. Evid. 401, 402, 403.

Further, Defendants should be precluded from questioning witnesses or presenting argument to the jury regarding claim construction or the reasoning for the Court's claim construction Order (Dkt No. 116). As claim construction is a legal issue for the Court (*see JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-cv-414-RWS-JDL, 2018 U.S. Dist. LEXIS 146019, at *26 (E.D. Tex. August 28, 2018), such evidence and arguments would only confuse and mislead the jury. Fed. R. Evid. 401, 402, 403.

13. **Exclude evidence or argument relating to any uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative.**

IV requests the Court to exclude references to uncharted prior art and displays of uncharted prior art in the guise of demonstratives. Defendants' invalidity expert Dr. Crovella presented an exhaustive list of the prior art upon which his opinions were grounded. *See* Ex. D, Crovella Report at 53-438. But elsewhere in his report, Dr. Crovella references additional, uncharted references allegedly to prove knowledge in the art. *See id*, at 32-42. Specifically, in Section IIIG of his report (which Dr. Crovella entitles "Technology Background Related To the Patent-In-Suit") Dr. Crovella discusses uncharted references, which Defendants should be prevented from offering.

Allowing Defendants to present alleged common knowledge references, and any uncharted

prior art other than as specifically delineated in paragraph 13 of Dr. Crovella's report, at trial would be unfairly prejudicial to IV. *See* Fed. R. Evid. 403. IV's motion *in limine* seeks to exclude Defendants from presenting all specific prior art references not asserted in connection with a particular invalidity argument, consistent with recent rulings from this Court prohibiting accused infringers "from relying on uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims," including "introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative." *See, e.g.*, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*, No. 2:15-cv-00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017); *see also Perdiemco, LLC v. Industrack LLC,* No. 2:15-cv-00727-JRG, Dkt. 250 (E.D. Tex Oct. 13, 2016) (granting motion *in limine* prohibiting reliance "on uncharted prior art to prove invalidity," introduction of "uncharted prior art as an exhibit," and display of "uncharted prior art to the jury as a demonstrative").

14. **Exclude evidence or argument offered to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Crovella's declaration.**

IV requests the Court to exclude any references to or arguments relying on third-party citations when trying to prove public availability of prior art references. Defendants have made clear in discovery that they intend to use impermissible methods such as reliance on the Wayback Machine to establish the priority date of certain references. Defendants' expert on the issue of validity, Dr. Crovella, relies on the resource of the Wayback Machine in the formulation of his opinions; specifically, in paragraphs 107 (regarding "Technology Background" of the patient-in-suit), 225 (regarding the MyLibrary reference); and 591 (regarding the MyExcite reference) of his report. *See* Ex. E, Crovella Report at 40, 86, and 206-07.

Defendants bear the burden to establish by clear and convincing evidence that the prior art

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER            FILED UNDER SEAL

they assert was "known or used by others in this country" prior to the invention of the asserted patents. 35 U.S.C. § 102(a); *see also, e.g.*, *NetAirus Techs., LLC v. Apple, Inc.*, No. LACV1003257JAKEX, 2012 WL 12884837, at *5 (C.D. Cal. Feb. 27, 2012). *See generally Woodland Tr. v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998) ("to invalidate a patent based on prior knowledge or use, that knowledge or use must have been available to the public"). A mere collateral citation by a third-party source to the purported piece of prior art—even if prior to the invention—does not establish public availability. Rather, it simply suggests that *one* person was aware of the prior art through *any* means at *some* time before invention occurred. *Cf. C.R. Bard, Inc. v. Angiodynamics, Inc.*, No. 2017-1851, 2018 WL 4677441, 2018 U.S. App. LEXIS 27663, at *12-13 (Fed. Cir. Sept. 28, 2018) ("At most, LaForce says he distributed an unidentified number of copies on an unidentified date to unidentified people").

Defendants in other cases have similarly, and unsuccessfully, tried to avoid the distinction between actual availability to the public and simple citation by a third party. *See, e.g.*, *C.R. Bard*, 2018 WL 4677441, 2018 U.S. App. LEXIS 27663, at *12-13 (rejecting request to "assume" finding by Board "that IsoMed was distributed along with IsoMed devices"); *Voter Verified, Inc. v. Election Sys. & Software Inc.*, No. 609-CV-1969-ORL-19, 2011 WL 250426, 2011 U.S. Dist. LEXIS 6956, at *14-15 (M.D. Fla. Jan. 25, 2011), *aff'd sub nom. Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374 (Fed. Cir. 2012) (record insufficient to support public availability where there was "no evidence relating to the manner in which the paper or the proceedings from the conference were published, nor [was] there evidence to establish how the paper was made available to persons interested in the art, or how a person interested in the art would have been able to locate it"); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 667 (E.D. Tex. 2017), *aff'd*, 739 F. App'x 643 (Fed. Cir. 2018) (declining to find

public availability where "testimony indicated only that a catalog containing an advertisement of the publication—not the publication itself—was sent to persons who had expressed an interest in Dr. Cheung's work, not persons of skill in the art," and "there was no evidence that the publication could be found in any other locations or obtained from any source except directly from Dr. Cheung").

This Court should grant IV's motion *in limine* to preclude Defendants' reliance on collateral citations to prove public availability of disputed prior art references.

15. **Exclude evidence or argument relating to any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case.**

IV requests the Court to exclude any references to the fact that any patent, claim, theory, or accused product or functionality has been dropped from this or any prior case. The "act of dropping a claim or instrumentality" is simply not "evidence of non-infringement as to that claim or instrumentality." *Adv. Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-cv-135, 2010 WL 11451797, 2010 U.S. Dist. LEXIS 145630, at *7 (E.D. Tex. Mar. 31, 2010). Granting this motion *in limine* thus avoids "'sideshow' litigation about dropped claims and instrumentalities," which "would cause undue prejudice, jury confusion, and waste of time." *Id*. "To the extent there is any probative value" in discussing dropped claims, "presentation of such evidence would get into the reasons for withdrawing certain counts which would prove confusing and consume an undue amount of time. Such evidence could also prove unduly prejudicial." *Broadcom Corp. v. Emulex Corp.*, SACV 09-01058-JVS, 2011 U.S. Dist. LEXIS 158649, at *2 (C.D. Cal. Aug. 10, 2011) (citing Fed. R. Evid. 403).

16. **Exclude evidence or argument relating to any amended pleadings, discovery, and contentions.**

The fact that Plaintiff has amended its pleadings or discovery responses, or that Plaintiff

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER        FILED UNDER SEAL

pled earlier claims or allegations that have been amended or withdrawn, should be excluded from the evidence in this case. Withdrawn claims and allegations are not relevant for any purpose. *See* Fed. R. Evid. 401, 402; *see also EZ Dock, Inc. v. Shafer Sys., Inc.*, No. 98-2364 (RHK/AJB), 2003 WL 1610781, 2003 U.S. Dist. LEXIS 3634, at *37 (D. Minn. Mar. 8, 2003) ("The Court finds that EZ Dock's dismissal of certain claims has no relevance to the patent infringement claim the jury must decide. Accordingly, the Court will grant the motion [*in limine*]."). Even if these issues were relevant, the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury and would result in undue delay and a waste of time. Fed. R. Evid. 403.

**17.    Exclude evidence or argument relating to location of the Parties' Corporate Headquarters.**

Defendants should be precluded from stating or implying that IV is a foreign corporation or that it engaged in forum-shopping for establishing venue for its litigation. Such inferences are untrue and are contradicted by the discovery in this case; as such, any such reference offers no probative value and would be unfairly prejudicial to IV and misleading to the jury. Fed. R. Evid. 401, 402, 403.

**18.    Exclude evidence or argument relating to any alleged USPTO Workload.**

Defendants should not be permitted to offer any comment, speculation or argument that the United States Patent & Trademark Office and/or its examiners are not diligent, are prone to error or overworked, or that the USPTO is backlogged or not functioning properly now or at the time of the issuance of the Patent-in-Suit. Such comments are not relevant, per *EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 U.S. Dist. LEXIS 3634 at *36 (D. Minn. March 8, 2003) (noting that "[a]s for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to that effect or argument"); *see also United States v.*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FILED UNDER SEAL

*Polakoff*, 439 F. 2d 1113, 1114 (5th Cir. 1971); *United States v. Fountain*, 2 F.3d 656, 667 n.6 (6th Cir. 1993). Even if relevant, the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, and would result in undue delay and a waste of time. Fed. R. Evid. 403.

**19.  Exclude evidence or argument relating to any alleged local effect of a judgment.**

The Parties should be prohibited from making any statement, reference, or implication to the jury that jury verdicts for the opposing party, patent infringement lawsuits, or this suit have had or will have any impact or effect, for good or ill, on the insurance premiums of the public, on the business climate of the Eastern District of Texas, any county, city, or town in the Eastern District of Texas or any other town, city, county or state. Arguments such as these are irrelevant and the probative value of any such argument is substantially outweighed by the danger of unfair prejudice and confusion of the issues. FED. R. EVID. 401, 402, 403.

**20.  Exclude evidence or argument relating to any testimony, evidence, or argument regarding Defendants' patents that allegedly relate to any Accused Products.**

Defendants should be precluded from offering any testimony, evidence, or argument alleging that Defendants' patents relate to any accused products. "Defendants should not present (for anticipation, obviousness, background, or any other purpose) any piece of prior art or combination thereof that has not been properly disclosed to Plaintiff." *DataTreasury Corp. v. Wells Fargo & Co., et al.*, Civ. No. 2:06-CV-072, Dkt. No. 1982 at 19 (E.D. Tex. Feb. 26, 2010) (granting *in limine* item to exclude invalidity by anticipation or obviousness arguments beyond expert reports). Defendants did not identify any of their own patents as prior art in either invalidity contentions or expert reports. Accordingly, any attempt to inject those patents into the trial would constitute an end-run at demonstrating invalidity through undisclosed references and should be prohibited. *See id. Cf.* FED. R. CIV. PROC. 37(c)(1) (party failing to provide information required

in a disclosure is not allowed to use that information at trial).

Beyond validity (for which Defendants disclosed no patents), any patents held by Defendants relating generally to the Accused Instrumentalities are not relevant to claims or defenses at issue in this case. *See* FED. R. EVID. 401, 402. Any introduction of such patents would confuse the jury into thinking that Defendants cannot both infringe the Patent-in-Suit and have patents of their own. Such a sideshow would introduce prejudice and confusion that far outweighs the relevance of patents that, by Defendants' own omission, do not bear on the inventions claimed by the Patents-in-Suit. *See* FED. R. EVID. 403. Because Defendants have never identified any of their own patents as prior art in this case, they are of minimal relevance and would only serve to confuse and mislead the jury and unduly prejudice IV. Accordingly, Defendants should be precluded from offering any testimony, evidence, or argument regarding any patents owned by Defendants.

## 21. Exclude evidence or argument relating to any witnesses not disclosed during discovery.

Testimony of any individuals not previously disclosed in accordance with Rule 26 should not be admitted as such would be in violation of the Federal Rules of Procedure and unfairly prejudicial. Fed. R. Civ. Pro. 26; Fed. R. Evid. 403.

## 22. Exclude evidence or argument relating to any documents or tangible things not produced during discovery.

The Parties should not be allowed to attempt to mention, comment, interrogate, question, or argue the substance of any document that has not been timely furnished to the opposing Party through the discovery process, or in accordance with any order of this Court, (including any documents that Parties may attempt to include or have included in any submission to this Court, which may not be agreed to or has been objected to by the opposing Party). Fed. R. Civ. P. 26.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER          FILED UNDER SEAL

## V. CONCLUSION

If opposing counsel or the opposing party proposes a theory of admissibility concerning the matters set forth in Sections III and IV, then IV further requests the Court order that opposing counsel and opposing party first request a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause, before said evidence or argument is permitted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court order that counsel for Defendants, and through counsel any and all witnesses called on Defendants' behalf, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever (including the offering of documentary evidence) regarding any of the matters set for in this Motion. Plaintiff requests all other relief to which it may be justly entitled.

A proposed Order is attached.

Dated: January 23, 2019                    /s/ *Derek Gilliland*_____
**DEREK GILLILAND**
STATE BAR NO. 24007239
**KARL RUPP**
State Bar No. 24035243
**NIX PATTERSON L.L.P.**
1845 Woodall Rodgers Fwy., Suite 1050
Dallas, Texas 75201
972.831.1188 (telephone)
972.444.0716 (facsimile)
dgilliland@nixlawfirm.com
krupp@nixlaw.com

**TY WILSON**
STATE BAR NO. 24106583
**NIX PATTERSON L.L.P.**
222 N. Fredonia
Longview, Texas 75606
903.215.8310 (telephone)
twilson@nixlaw.com

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FILED UNDER SEAL

ATTORNEYS FOR PLAINTIFF
INTELLECTUAL VENTURES II LLC

### CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

The undersigned certifies that, pursuant to Local Rule CV-5-(a)(7), the foregoing instrument designated as confidential in accordance with the previously signed Protective Order is authorized by the Court to be filed under seal.

/s/ *Derek Gilliland*
Derek Gilliland

### CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed.

Counsel for Plaintiff, Ty Wilson, and counsel for Defendants, Irene Yang, had a telephonic conference on January 23, 2019. Mr. Wilson and Ms. Yang met and conferred in good faith and concluded in good faith that discussions over the issues raised in this motion had conclusively ended in an impasse, leaving the issues open for Court resolution.

/s/ *Ty Wilson*
Ty Wilson

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF filing system on this 23rd day of January, 2019.

/s/ *Derek Gilliland*
Derek Gilliland