**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 6:18-CV-00298-JRG** |
| | § | **LEAD CASE** |
| **BITCO General Insurance Corp., f/k/a,** | § | |
| **Bituminous Casualty Corp.; and** | § | |
| **BITCO National Insurance Co., f/k/a** | § | |
| **Bituminous Fire and Marine Insurance Co.,** | § | |
| | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 6:18-CV-00299-JRG** |
| | § | |
| **Great West Casualty Company,** | § | |
| | § | |
| *Defendant.* | § | |

## JOINT FINAL PRETRIAL ORDER

This cause is scheduled for a pretrial management conference on February 19, 2019, pursuant to Federal Rule of Civil Procedure 16. The following parties submit this Joint Final Pretrial Order: Plaintiff Intellectual Ventures II LLC ("Plaintiff") and Defendants BITCO General Insurance Corp., f/k/a, Bituminous Casualty Corp.; BITCO National Insurance Co., f/k/a Bituminous  Fire and Marine Insurance Co. (collectively "BITCO"); and Great West Casualty

Company ("Great West") (collectively with BITCO, "Defendants"). Collectively, Plaintiff and Defendants are referred to herein as the "Parties."

## I.   COUNSEL FOR THE PARTIES

### A.   Attorneys for Plaintiff

Derek Gilliland
Texas State Bar. No. 24007239
dgilliland@nixlawfirm.com
Karl Rupp
Texas State Bar No. 24035243
krupp@nixlaw.com
NIX PATTERSON L.L.P.
1845 Woodall Rodgers Fwy., Suite 1050
Dallas, Texas 75201
Telephone: (972) 832-1188
Facsimile: (972) 444-0716

Ty Wilson
Texas State Bar. No. 24106583
twilson@nixlaw.com
NIX PATTERSON L.L.P.
222 N. Fredonia
Longview, Texas 75606
Telephone: (903) 215-8310

### B.   Attorneys for BITCO and Great West

Harry Lee Gillam, Jr.
Texas State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael J. Bettinger
Lead Counsel
California State Bar No. 122196
(Admitted to the E.D. Tex. Bar)
mbettinger@sidley.com
Vernon M. Winters
California State Bar. No. 130128
vwinters@sidley.com
Irene Yang
California State Bar No. 245464

(Admitted to the E.D. Tex. Bar)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Sharon Lee
(admitted pro hac vice)
sharon.lee@sidley.com
Samuel A. Dillon
(admitted pro hac vice)
sdillon@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Andrew T. Langford
Texas State Bar No. 24087886
alangford@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Paul Rogerson
(admitted pro hac vice)
progerson@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

## II.      STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a) because this action arises under the patent laws of the United States, including 35

U.S.C. § *et seq*.

Pursuant to Case No. 6:15-cv-59-JRG, Dkt. No. 81, and Case No. 6:15-cv-60-JRG, Dkt. No. 51, for the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over the parties or that venue is proper in the United States District Court for the Eastern District of Texas.

## III.   NATURE OF ACTION

### A.   Plaintiff's Statement Regarding the Description of the Case

This is an action for infringement of Plaintiff's patents wherein Plaintiff will seek to prove that Defendants literally infringe claim 14 of United States Patent No. 7,516,177 ("'177 patent). Plaintiff seeks damages to compensate for Defendants' infringement in an amount no less than a reasonable royalty.

### B.   BITCO's Statement Regarding the Description of the Case

BITCO is an Illinois corporation with a principal place of business in Davenport, Iowa.

Plaintiff has accused the "Agency Users" page of BITCO's delegated administrator agent port and the "Agency Users" and "Customers Enrolled in Portal" pages of BITCO's security administrator employee portal of directly and literally infringing claim 14 of the '177 patent. *See* Dkt. No. 229-1. BITCO contends it does not infringe claim 14 of the '177 patent.

BITCO further contends that claim 14 of the '177 patent is invalid (i) as anticipated by and/or obvious in view of the prior art under 35 U.S.C. §§ 102 and/or 103; (ii) for lack of written description under 35 U.S.C. § 112; and/or (iii) as patent ineligible under 35 U.S.C § 101 because claim 14 is directed to an abstract idea and contains no inventive concept.

BITCO contends that Plaintiff is not entitled to any damages, but in the event claim 14 is adjudged to be valid and infringed, the damages Plaintiff seeks are not reasonable. BITCO further seeks its costs, expenses, and attorneys' fees under 35 U.S.C. § 285 and any other relief the Court deems appropriate.

Plaintiff's case against BITCO was consolidated for pre-trial purposes with Plaintiff's case against Great West. *See* Dkt. No. 172; Case No. 6:15-cv-59-JRG, Dkt. No. 33.

### C.      Great West's Statement Regarding the Description of the Case

Great West is a Nebraska corporation with a principal place of business in South Sioux City, Nebraska.

Plaintiff has accused the "Driver List by Policy" page of Great West's Agent Portal, a home page of Great West's Employee Portal, and an alleged home page of Great West's Legacy Portal of directly and literally infringing claim 14 of the '177 patent.  *See* Dkt. No. 230-1. Great West contends that it does not infringe claim 14 of the '177 patent.

Great West further contends that claim 14 of the '177 patent is invalid (i) as anticipated by and/or obvious in view of the prior art under 35 U.S.C. §§ 102 and/or 103; (ii) for lack of written description under 35 U.S.C. § 112; and/or (iii) as patent ineligible under 35 U.S.C § 101 because claim 14 is directed to an abstract idea and contains no inventive concept.

Great West contends that Plaintiff is not entitled to any damages, but in the event claim 14 is adjudged to be valid and infringed, the damages Plaintiff seeks are not reasonable. Great West further seeks its costs, expenses, and attorneys' fees under 35 U.S.C. § 285 and any other relief the Court deems appropriate.

Plaintiff's case against Great West was consolidated for pre-trial purposes with Plaintiff's case against BITCO. See Dkt. No. 172; Case No. 6:18-cv-299-JRG, Dkt. No. 77; Case No. 6:15-cv-60-JRG, Dkt. No. 32.

## IV.      CONTENTIONS OF THE PARTIES

The Parties set forth below a summary of their contentions for trial. The Parties do not necessarily agree with each other's summaries and contentions for trial and reserve all rights and objections.

### A.    Plaintiff's Contentions

1. Plaintiff contends that Defendants infringe claim 14 of the '177 patent.

2. Plaintiff contends that its patent is valid, and that Defendants cannot prove invalidity by clear and convincing evidence.

3. Plaintiff contends that it is entitled to damages, together with interest (both pre-judgment and post-judgment), adequate to compensate for Defendants' infringement, in an amount no less than a reasonable royalty for the use made of the invention by Defendants.

### B.    BITCO's Contentions

BITCO contends that it does not directly and literally infringe claim 14 of the '177 patent. BITCO further contends that claim 14 of the '177 patent is invalid under 35 U.S.C. §§ 102 and/or 103. BITCO contends that claim 14 of the '177 patent contains only well-understood, routine, and conventional elements under 35 U.S.C. § 101.

BITCO denies that Plaintiff is entitled to any damages award, under any theory including a reasonable royalty theory, due to the alleged infringement.  BITCO seeks its attorneys' fees and costs pursuant to 35 U.S.C. 285.  BITCO denies that Plaintiff is entitled to any relief whatsoever.

### C.    Great West's Contentions

Great West contends that it does not directly and literally infringe claim 14 of the '177 patent.  Great West further contends that claim 14 of the '177 patent is invalid under 35 U.S.C. §§ 102 and/or 103. Great West contends that claim 14 of the '177 patent contains only well-understood, routine, and conventional elements under 35 U.S.C. § 101.

Great West denies that Plaintiff is entitled to any damages award, under any theory including a reasonable royalty theory, due to the alleged infringement.  Great West seeks its attorneys' fees and costs pursuant to 35 U.S.C. 285.  Great West denies that Plaintiff is entitled to any relief whatsoever.

## V.   UNCONTESTED FACTS

The Parties agree to the following uncontested facts:

### A.   Intellectual Ventures II, LLC v. BITCO

1. This Court has subject matter jurisdiction over this case.

2. This Court has personal jurisdiction over the parties for purposes of this case.

3. Plaintiff filed its Original Complaint against BITCO on January 20, 2015, styled as *Intellectual Ventures II LLC v. Bitco General Insurance Corporation, f/k/a Bituminous Casualty Corporation; and Bitco National Insurance Company, f/k/a Bituminous Fire and Marine Insurance Company*, Case 6:15-cv-00059.

4. Plaintiff is a Delaware limited liability company having its principal place of business at 3150 139th Ave. SE, Bellevue, Washington 98005.

5. BITCO General Insurance Corporation is an Illinois registered corporation maintaining a principal place of business at 3700 Market Square Circle, Davenport, Iowa 52807.

6. BITCO National Insurance Company is an Illinois registered company maintaining a principal place of business at 3700 Market Square Circle, Davenport, Iowa 52807.

7. The application leading to issuance of the '177 patent was filed on June 28, 2004.

8. The earliest effective filing date for the patent-in-suit is May 11, 2000.

9. The inventors identified on the face of the '177 patent are John R. Knapp and Edward K.E. Snyders

10. Plaintiff currently holds all right, title, and interest to the patent-in-suit and has standing to bring this lawsuit.

11. Plaintiff possesses all rights of recovery under the patent-in-suit.

12. For purposes of the reasonable royalty analysis in assessing damages for patent infringement by BITCO, the date of the hypothetical negotiation is on or around April 2009.

13. The asserted claim of the patent-in-suit is claim 14.

14. Claim 11, which claim 14 depends on, is invalid.

15. The scope of "content" as claimed in claims 11 and 14 of the '177 patent does not include "links to content, information about content, and information about users including information about which content a user has chosen."

16. With respect to BITCO, Plaintiff alleges that only the following BITCO functionality meets the "the centralized access point" limitation of claim 14:  (i) an "Agency Users" webpage on BITCO's delegated administrator agent portal, and (ii) an "Agency Users" webpage and a "Customers Enrolled in Portal" webpage on BITCO's security administrator employee portal.

**B.     Intellectual Ventures II, LLC v. Great West Casualty Corporation**

17. This Court has subject matter jurisdiction over this case.

18. This Court has personal jurisdiction over the parties for purposes of this case.

19. Plaintiff filed its Original Complaint against Great West on January 20, 2015, styled as *Intellectual Ventures II LLC v. Great West Casualty Company*, Case 6:15-cv-00060.

20. Plaintiff is a Delaware limited liability company having its principal place of business at 3150 139th Ave. SE, Bellevue, Washington 98005.

21. Great West is a Nebraska registered corporation having its principal place of business at 1100 West 29th Street, South Sioux City, Nebraska 68776.

22. The application leading to issuance of the '177 patent was filed on June 28, 2004.

23. The earliest effective filing date for the patent-in-suit is May 11, 2000.

24. The inventors identified on the face of the '177 patent are John R. Knapp and Edward K.E. Snyders.

25. Plaintiff currently holds all right, title, and interest to the patent-in-suit and has standing to bring this lawsuit.

26. Plaintiff possesses all rights of recovery under the patent-in-suit.

27. For purposes of the reasonable royalty analysis in assessing damages for patent infringement by Great West, the date of the hypothetical negotiation is on or around July 2013.

28. The asserted claim of the patent-in-suit is claim 14.

29. Claim 11, which claim 14 depends on, is invalid.

30. The scope of "content" as claimed in claims 11 and 14 of the '177 patent does not include "links to content, information about content, and information about users including information about which content a user has chosen."

31. With respect to Great West, Plaintiff alleges that only the following Great West functionality meets "the centralized access point" limitation of claim 14: (i) a "Driver List by Policy" webpage on Great West's Agent Portal, (ii) a home webpage on Great West's Employee Portal, and (iii) an alleged home page on Great West's Legacy Portal.

## VI.    CONTESTED ISSUES OF FACT AND LAW

The Parties set forth below their contested issues of fact and law for trial. The Parties do not agree that each contested issue listed is properly raised in the trial or that each contested issue may be properly raised in the trial. The parties reserve all rights and objections.

### A.    Plaintiff's Statement of Contested Issues of Fact and Law

1.  Whether Defendants infringe claim 14 of the patent-in-suit.

2.  Whether the patent-in-suit is valid.

3.  Whether Plaintiff is entitled to damages to compensate for Defendants' alleged infringement and, if so, the amount of such damages.

4.  Whether Plaintiff is entitled to pre- and post-judgment interest and, if so, in what amount.

### B.    BITCO's Statement of Contested Issues of Fact and Law

1.  Whether Plaintiff has proved by a preponderance of the evidence that BITCO directly and literally infringes claim 14 of the '177 patent.

2.  Whether claim 14 of the '177 patent is invalid under 35 U.S.C. §§ 102 and/or 103 based on prior art.

3.  Whether the elements of claim 14—individually or as an ordered combination—are well-understood, routine, and conventional.

4.  Whether Plaintiff is entitled to a reasonable royalty under 35 U.S.C. § 284 for infringement of claim 14 of the '177 patent, if proven, and the total amount of such royalty.

### C.    Great West's Statement of Contested Issues of Fact and Law

1.  Whether Plaintiff has proved by a preponderance of the evidence that Great West directly and literally infringes claim 14 of the '177 patent.

2.  Whether claim 14 of the '177 patent is invalid under 35 U.S.C. §§ 102 and/or 103 based on prior art.

3.  Whether the elements of claim 14—individually or as an ordered combination—are well-understood, routine, and conventional.

4.  Whether Plaintiff is entitled to a reasonable royalty under 35 U.S.C. § 284 for infringement of claim 14 of the '177 patent, if proven, and the total amount of such royalty.

### D.  Defendants' Statement Regarding Issues to be Decided by the Court

1.  Whether Plaintiff's lawsuit against BITCO (Case No. 15-cv-00298) should be tried separately from Plaintiff's lawsuit against Great West (Case No. 15-cv-00299).

2.  Whether Plaintiff may present trial testimony from four expert witnesses, contrary to the Discovery Order in this case (Dkt. No. 60).

3.  Whether Plaintiff may present no fact witnesses at trial.

4.  Whether claim 14 of the '177 patent is invalid under 35 U.S.C. § 112.

5.  Whether claim 14 of the '177 patent is directed to an abstract idea.[1]

## VII.  LIST OF WITNESSES / EXHIBITS / DEPOSITIONS DESIGNATIONS

1.  Plaintiff's Amended Witness List is attached as **Exhibit A**.

2.  BITCO's Witness List is attached as **Exhibit B**.

3.  Great West's Witness List is attached as **Exhibit C**.

4.  Plaintiff's Exhibit List is attached as **Exhibit D**.

5.  BITCO's Exhibit List is attached as **Exhibit E**.

---

[1] Defendants have requested that Plaintiff produce the expert witness reports and deposition transcripts of Plaintiff's witnesses who have opined on claim 14 of the '177 patent in companion cases brought against HCC and Kemper. Defendants requested these expert reports and deposition transcripts after the expiration of fact discovery but before the expiration of expert discovery. The parties agree that both the expert reports and deposition transcripts are subject to protective orders entered in their respective cases. *See Intellectual Ventures II LLC v. Kemper Corporation, et al.*, Case No. 6:16-cv-00081-JRG, Dkt. No. 44; *Intellectual Ventures I LLC v. HCC Insurance Holdings, Inc., et al.*, Case No. 6:15-cv-00660-JRG-KNM, Dkt. No. 48. To date, Plaintiff has not produced this requested discovery. Defendants have sought a meet and confer on this issue that has yet to be scheduled.

6.  Great West's Exhibit List is attached as **Exhibit F**.

7.  Plaintiff's deposition designations and Defendants' Objections thereto, including Defendants' counter-designations and Plaintiff's rebuttal designations[2], are attached as **Exhibit G**.

8.  Defendants' deposition designations, including Plaintiff's counter-designations and Defendants' rebuttal designations, are attached as **Exhibit H**.

## VIII.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

1.  Attached as **Exhibit I** is a copy of Plaintiff's and BITCO's proposed jury instructions.[3]

2.  Attached as **Exhibit J** is a copy of Plaintiff's and Great West's proposed jury instructions.

3.  Attached as **Exhibit K** is a copy of Plaintiff's proposed verdict form for Plaintiff's cases against BITCO and Great West.

4.  Attached as **Exhibit L** is a copy of BITCO's proposed verdict form for Plaintiff's case against BITCO.

5.  Attached as **Exhibit M** is a copy of Great West's proposed verdict form for Plaintiff's case against Great West.

6.  These exhibits identify where the Parties' proposals differ and are subject to the Parties' objections noted within.

---

[2] Defendants' position is that rebuttal designations to a party's counter-designations are not contemplated by the Court's Third Amended Docket Control Order (D.I. 219) and, therefore, improper. *See* D.I. 219 at 2 (allowing only "Objections to Rebuttal Pretrial Disclosures," which includes counter-designations). Defendants provided rebuttal designations to Plaintiff's counter-designations only after Plaintiff served rebuttal designations to Defendants' counter-designations, and only out of an abundance of caution. Defendants informed Plaintiff that rebuttal designations were improper, but did not receive any response from Plaintiff regarding that matter.

[3] Plaintiff contends that its lawsuits against BITCO and Great West should not be tried separately from one another.

## IX.   LIST OF PENDING MOTIONS

1.   Great West's Motion to Strike Portions of the Expert Report of Dr. Hugh Smith, filed December 7, 2018 (Dkt. No. 206);

2.   Great West's Motion for Partial Summary Judgment of Non-Infringement, filed December 7, 2018 (Dkt. No. 207), to the extent the Court believes it is not resolved by the parties' stipulation, filed January 11, 2019 (Dkt. No. 300, 300-1);

3.   BITCO's Motion for Partial Summary Judgment of Non-Infringement, filed December 7, 2018 (Dkt. No. 208), to the extent the Court believes it is not resolved by the parties' stipulation, filed January 11, 2019 (Dkt. No. 299, 299-1);

4.   Defendants' Motion for Summary Judgment of Invalidity of the '177 Patent, filed December 7, 2018 (Dkt. No. 209);

5.   Both sides' motions *in limine* and the parties' agreed motions *in limine*, filed January 23, 2019 (Dkt. Nos. 233, 234, & 235).

## X.   PROBABLE LENGTH OF TRIAL

Plaintiff estimates that the trial will last 4 days.

- Plaintiff believes that the Parties should receive 30 minutes per side in *voir dire*;

- 45 minutes per side for opening statements;

- 60 minutes per side for closing arguments; and

- 15 hours per side.

BITCO and Great West believes that each Party should receive 10 hours for trial testimony. BITCO and Great West believe that they are entitled to separate trials and that the actions filed against them were consolidated only for pre-trial purposes.

BITCO and Great West believe that the following limits should apply:

- 30 minutes per party for *voir dire;*

- 30 minutes per party for opening statements; and

- 30 minutes per party for closing arguments.

The parties agree that voir dire, opening statements, and closing arguments should not count against the time limit.

## XI.   TRIAL MANAGEMENT PROCEDURES

The parties have agreed upon the following trial management procedures:

### A.   Demonstrative Exhibits

**1.**   The parties will exchange by email copies of all demonstratives they plan to use at trial for use during direct examination or opening statements—but not for cross examination—and an identification of witnesses each such Demonstrative will be used with on direct examination, by 7:00 p.m. the night before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:00 p.m. on the previous Tuesday. The parties shall exchange objections to these demonstratives by 8:30 p.m. on the day the exhibits are received. The parties shall then meet and confer regarding all objections by 9:30 p.m. that same evening. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections about demonstrative exhibits, the objecting party will raise the objections with the Court no later than the morning of the day the exhibits and demonstrative exhibits will be used, before trial begins or resumes. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

**2.**   "Demonstratives" are exhibits specifically created for the purpose of the trial and do not include (1) demonstratives exhibits created in the courtroom

15

during testimony or opening statements at trial, (2) the blowup (enlargement), highlighting, real-time marking up, ballooning, etc. of trial exhibits (so long as the underlying exhibit is pre-admitted or any objections thereto have been resolved) or transcripts of testimony, or (3) demonstratives previously displayed in the course of the trial. Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use. A party who has a demonstrative created in the courtroom must provide the other party with a photograph or other electronic file of the demonstrative by 7:00 p.m. the same day.

3.      Demonstratives for direct examination, opening statements, and closing arguments must be cleared of outstanding objections before being shown to the jury. Additionally, any transcripts of testimony (excluding testimony given during this trial) must be cleared of outstanding objections before being shown to the jury during opening or on direct examination.  On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion *in limine* or other exclusionary order, regardless of whether it was previously designated by the parties.

4.      The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. The parties further agree that, unless otherwise ordered by the Court, demonstrative exhibits will not be admitted as evidence and will not be made available to the jury during deliberations.

5.      The parties agree to discuss in good faith a reasonable time for exchange of previously undisclosed closing demonstratives.  For closing arguments, the parties agree that a party need not provide advance notice regarding its intent to use demonstratives previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits.

6.      The parties agree that any party seeking to use a demonstrative exhibit previously used by the opposing party shall include the previously used demonstrative exhibit, in the format it will be used, in its demonstrative exhibits exchanged pursuant to paragraph 1.a above.  To the extent a video is embedded in such demonstrative (e.g., a slide), the parties agree to produce a native version of the video upon request by the opposing party.

7.      To the extent certain exhibits or demonstrative exhibits are admissible, a party's decision not to include the exhibits or demonstrative exhibits shall not be commented upon by the other party at trial.

**B.      Trial Exhibits**

**1.**      The parties agree that any exhibit listed on any party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by a party during opening statements.

17

2.      The parties agree that exhibits to be used or offered into evidence solely for impeachment need not be included on the exchanged lists of trial exhibits. Except for such documents used solely for impeachment, a party may not offer substantive documentary evidence not appearing on its exhibit list or the exhibit list of the other party, unless it is first disclosed to the other party and the Court determines that the interest of justice so warrants.

3.      Each party has the right to use an exhibit on either party's exhibit list for which no objection remains pending, even if not introduced by the designating party.

4.      Neither party will remove a document from its exhibit list without first providing the other party the opportunity to add the document to its exhibit list. Prior to the start of trial, in the event that a party adds to its exhibit list a document that has been removed by the other party from its list, the other party may make objections to that document. As soon as trial starts, in the event that a party adds to its exhibit list a document that has been removed by the other party from its list and to which objections have not been resolved, the other party may make objections to that document.

5.      Legible photocopies of United States and foreign patent and trademark applications, published documents, issued documents, and file histories, including the asserted patent and its file history, may be used in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.  The dates of filing and issuance and the identity of the inventors of record shall be deemed to be shown on the face of the patent,

18

subject to the right of the party against whom it is offered to adduce evidence to the contrary.

6.      To facilitate the use of exhibits at trial, the parties stipulate not to object on authenticity or hearsay grounds to exhibits that have been produced by the parties or any third party and that, either on their face or confirmed during deposition, were created in the normal course of business (including, but not limited to, emails, internal presentations, marketing materials, press releases, financial reports, etc.).  For clarity, produced documents are documents that were served on a party (via document production, email, deposition exhibits, court filing, or discovery response).

7.      A legible copy of an exhibit may be offered in evidence in lieu of the original subject to all foundational requirements and other objections that might be made to the admissibility of the original and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the copy.  For exhibits that are spreadsheets or slide presentations, the parties may use electronic versions of such exhibits in their native format.

8.      The parties will exchange by email the lists of exhibits they intend to use during direct examination or by witnesses called by designation by 7:00 p.m. the night before their intended use, and an identification of the witness each such exhibit will be used with on direct examination or by designation. The parties shall exchange objections to these exhibits, to the extent not pre-admitted, by 8:30 p.m. on the day the exhibits are received.   The parties shall then meet and confer regarding all objections by 9:30 p.m. that same evening.   To the extent good faith

efforts to resolve objections fail and there are additional unresolved objections, the objecting party will raise the objections with the Court no later than the morning of the day the exhibit will be used, before trial begins or resumes.

**C.     Deposition Designations**

1.      For deposition designations, the parties will provide a list of any deposition designations the party intends to present, along with estimated run-times for video, by 7:00 pm two days before the designation is to be read or played. Counter-designations and objections to the 7:00 pm designations are due by 8:30 p.m. the same evening, and the parties will meet and confer by 9:30 p.m. regarding objections. Any unresolved objections will be raised with the Court the next morning. The party that seeks to read or play the deposition testimony must also provide the opposing party by 7:00 p.m. one day before the deposition testimony is to be played, a workable copy of the actual video recordings to be played (or testimony to be read), including all designations and counter designations included sequentially (i.e., in the order that they appeared at the deposition), regardless of who designated the testimony. The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial. The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial. If played, such time shall be measured by the amount of time of each party's designations.

2.      Unless used for impeachment, all designated deposition testimony shall be played by video for any witness whose testimony was recorded by video, unless

20

both parties reach an agreement to read the deposition testimony live or the Court orders otherwise.

3.      All irrelevant and redundant colloquy between counsel and objections will be eliminated as much as practicable when the deposition testimony is presented at trial.

4.      To the extent certain designated deposition testimony is admissible, a party's decision not to introduce some or all of the deposition testimony of a witness designated by that party herein shall not be commented upon by the other party at trial.

5.      If a party withdraws testimony previously designated, the other party has the right to designate the withdrawn testimony subject to the initially designating party's objections.

**D.     Witnesses.**

1.      The parties will identify by email witnesses to be called live or by deposition (in the order of call) at 7:00 p.m., two days in advance of the day of trial during which the witnesses will testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:00 p.m. on the previous Monday.

## XII.   CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2. The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[4]

3. Each exhibit in the List of Exhibits herein:

   a. is in existence;

   b. is numbered; and

   c. has been disclosed and produced electronically to opposing counsel except for physical exhibits, which are available for inspection.

Dated: February 6, 2019

> /s/  Derek Gilliland
> **DEREK GILLILAND**
> STATE BAR NO. 24007239
> **WINN CUTLER**
> STATE BAR NO. 24084364
> **ROSS LEONOUDAKIS**
> STATE BAR NO. 24087915
> **KARL RUPP**
> State Bar No. 24035243
> **NIX PATTERSON L.L.P.**
> 1845 Woodall Rodgers Fwy., Suite 1050
> Dallas, Texas 75201
> 972.831.1188 (telephone)
> 972.444.0716 (facsimile)
> dgilliland@nixlawfirm.com
> winncutler@nixlawfirm.com
> rossl@nixlawfirm.com
> krupp@nixlaw.com
>
> **TY WILSON**
> STATE BAR NO. 24106583
> **NIX PATTERSON L.L.P.**
> 205 Linda Drive
> Daingerfield, Texas  75638
> 903.645.7333 (telephone)
> 903.645.4415 (facsimile)

---

[4] This representation is subject to any matters addressed in pending motions and/or objections.

twilson@nixlaw.com

**ATTORNEYS FOR PLAINTIFF**
 **INTELLECTUAL VENTURES II LLC**

**Harry Lee Gillam, Jr.**
Texas State Bar No. 07921800
gil@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

/s/ Irene Yang with permission
**Michael J. Bettinger**
California State Bar No. 122196
(Admitted to the E.D. Tex. Bar)
mbettinger@sidley.com
**Vernon M. Winters**
California State Bar No. 130128
(Admitted to the E.D. Tex. Bar)
vwinters@sidley.com
**Irene Yang**
California State Bar No. 245464
(Admitted to the E.D. Tex. Bar)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

**Sharon Lee**
(admitted pro hac vice)
sharon.lee@sidley.com
**Samuel A. Dillon**
(admitted pro hac vice)
samuel.dillon@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

**Andrew T. Langford**
Texas State Bar No. 24087886
alangford@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75206
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

**Paul Rogerson**
(admitted pro hac vice)

progerson@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for Defendants and
Counterclaimants, BITCO General
Insurance Corp., f/k/a, Bituminous
Casualty Corp.; BITCO National
Insurance Co., f/k/a Bituminous Fire and
Marine Insurance Co.: and Great West
Casualty Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF filing system on this 6th day of February, 2019.

<u>/s/Derek Gilliland</u>
Nix Patterson LLP