# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 6:18-CV-298-JRG** |
| | § | **LEAD CASE** |
| **Bitco General Insurance Corp., f/k/a,** | § | |
| **Bituminous Casualty Corp.; and** | § | |
| **Bitco National Insurance Co., f/k/a** | § | |
| **Bituminous Fire and Marine Insurance Co.,** | § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 6:18-CV-299-JRG** |
| | § | |
| **Great West Casualty Company,** | § | |
| | § | |
| *Defendant*. | § | |

### PLAINTIFF INTELLECTUAL VENTURES II LLC'S RESPONSE TO BITCO AND GREAT WEST'S MOTION *IN LIMINE*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.    INTRODUCTION ........................................................................................................1

II.   MOTIONS IN LIMINE ................................................................................................1

    1.   Preclude arguments or evidence denigrating Defendants, including criticisms of insurance companies or their alleged general failure to licensed patents, painting a "David and Goliath" scenario, analogizing Defendants' conduct to failure to properly pay out an insurance claim, analogizing invalidation of a patent to taking a loved one away, or analogizing patent infringement to theft, criminal activity, "free riding," piracy, and the like ..........................................................................1

    2.   Preclude mention, argument, or evidence of other litigation involving Defendants or members of their corporate family .....................................................................2

    3.   Preclude argument, evidence, or suggestion that a Defendant forced IV II to "waste the jury's time" by not settling or the like ......................................................2

    4.   Preclude argument, evidence, or suggestion that HCC or any other company settled or licensed because it knew it infringed or that the '177 patent was valid ............................................................................................................................3

    5.   Preclude argument or suggestion that Defendants' systems work the same way as companies who have licensed, or that licenses show Defendants infringe ........4

    6.   Preclude argument or suggestion that license agreements show that the '177 patent is valid ...............................................................................................................5

    7.   Preclude argument, evidence, or suggestion of widespread infringement by third parties .................................................................................................................5

    8.   Preclude argument or suggestion that non-infringement and patent invalidity are "excuses" or the like .................................................................................................5

    9.   Preclude evidence or argument that products of IV II, the inventors, or any third party practice the patent ........................................................................................6

    10.  Preclude arguments or evidence regarding whether Defendants obtained opinions of counsel .....................................................................................................6

    11.  Preclude mention of Dr. Crovella's patents, except as it relates to his Qualifications ..............................................................................................................6

    12.  Limit IV II's infringement proofs consistent with its stipulations at Dkt. 229-1 and Dkt. 230-1 .............................................................................................................7

13. Preclude evidence or argument from IV II that links to content, information about content, or information about users are "content." ......................... 8

14. Preclude IV II from arguing or suggesting that Defendants engaged in Copying ... 8

15. Preclude references to or arguments regarding the findings or outcomes of PTAB post-issuance proceedings, except that testimony and statements may be used for impeachment without identifying that they are from PTAB post-issuance proceeding .................................................................................... 8

16. Preclude references to total sales, revenues, profits, and overall financial status of Defendants or any of Defendants' affiliated companies ......................... 9

17. Preclude references to BITCO, including the outcome of the BITCO trial, in the Great West trial, and vice versa ....................................................... 11

18. Preclude references to the licenses and information therein that are undisputedly not relevant to the damages analysis ................................................... 11

19. Preclude commentary about the absence of potential witnesses over whom a party has no control without leave of Court ........................................... 12

20. Preclude argument or evidence by Plaintiff about entities that are not Plaintiff ... 12

# TABLE OF AUTHORITIES

**Cases**

*Doe v. Sevier Cty.*
    No. 3:17-CV-41, U.S. Dist. LEXIS 36708 (E.D. Tenn. 2007) ............................................ 2

*Eidos Display, LLC v. Chi Mei Innolus Corp.*
    No. 6:11-CV-00201-JRG, 2017 U.S. Dist. LEXIS 157062,(E.D. Tex. May 26, 2017) .... 12

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*
    276 F. Supp. 3d 629 (E.D. Tex. 2017) ................................................................................ 7

*Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*
    No. 2:15-cv-00011-RSP, 2018 U.S. Dist. LEXIS 78857
    (E.D. Tex. May 10, 2018) ................................................................................... 3, 6, 9, 13

*Fractus, S.A. v. Samsung Elecs. Co.*
    876 F. Supp. 2d 802 (E.D. Tex. 2012) ........................................................................... 9, 13

*Holick v. Smith*
    685 S.W.2d 18, 20 (Tex. 1985) ...................................................................................... 1, 2

*Ind. Ins. Co. v. GE*
    326 F. Supp. 2d 844 (N.D. Ohio 2004) .............................................................................. 5

*Intellectual Ventures II LLC v. FedEx Corp.*
    2:160-cv-00980-JRG ................................................................................................... 6, 13

*Lyondell Chem. Co. v. Albermarle Corp.*
    No. 1:01-CV-890, 2007 U.S. Dist. LEXIS 101640 (E.D. Tex. 2007) .............................. 10

*Lamb v. Crites*
    No. C-11-027, 2012 U.S. Dist. LEXIS 179081 (S.D. Tex. Dec. 18, 2012) ................ 1, 5, 8

*Luce v. United States*
    469 U.S. 38 (1984) ..................................................................................................... 1, 5, 11

*Payne v. Brayton*
    Civil Action No. 4:15-CV-00809, 2017 U.S. Dist. LEXIS 6602, (E.D. Jan. 18, 2017) .... 10

*Pittman v. Gen. Nutrition Corp.*
    No. H-04-3174, 2007 U.S. Dist. LEXIS 22389, (S.D. Tex. March 28, 2007) ..................... 4

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*
    No. 2:13-cv-213-JRG, Closing Argument, Dkt. No. 300 (Feb. 9, 2015). .......................... 5

*Sperberg v. Goodyear Tire & Rubber Co.*
    519 F.2d 708 (6th Cir. 1975) ...................................................................................2, 12

*United States v. Crawford*
    66 F. Supp. 3d 1311 (D. Or. 2014) ......................................................................................5

*United States v. Anderson*
    933 F.2d 1261 (5th Cir. 1991) .............................................................................................7

*Urethane Antitrust Litig.*
    No. 2:08-5169 (WJM-MF), 2016 U.S. Dist. LEXIS 15137 (D.N.J. Feb. 8, 2016) .............8

## **Rules**

Fed. R. Evid. 402 ................................................................................................................2

Fed. R. Evid. 403 ................................................................................................................2

## I. INTRODUCTION

Intellectual Ventures II LLC ("Plaintiff" or "IV") files this Response to BITCO and Great West's (collectively, "Defendants") Motions *in Limine*. (Dkt. No. 235). Excluding evidence *in limine* is improper, unless the evidence "is clearly inadmissible on all potential grounds." *Lamb v. Crites*, No. C-11-027, 2012 U.S. Dist. LEXIS 179081, at *2 (S.D. Tex. Dec. 18, 2012). *See also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Defendants' motions *in limine* 1-6, 8-9, 11-13, 15-18, and 20 fail to meet this standard, IV respectfully asks this Court to deny these motions.

## II. MOTIONS IN LIMINE

> **1. Preclude arguments or evidence denigrating Defendants, including criticisms of insurance companies or their alleged general failure to licensed patents, painting a "David and Goliath" scenario, analogizing Defendants' conduct to failure to properly pay out an insurance claim, analogizing invalidation of a patent to taking a loved one away, or analogizing patent infringement to theft, criminal activity, "free riding," piracy, and the like**

This motion *in limine* covers forms of evidence and argument IV is entitled to present in front of the jury. Namely, the motion includes "analogizing invalidation of a patent to taking a loved one away." This means, if granted, the motion would force IV to first seek leave of court to argue before the jury that the "clear and convincing" evidentiary standard is the same standard employed by, for instance, the state of Texas in trials terminating parental rights. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

IV should be able to use familiar examples of real-life situations to help a juror apprehend the level of evidence necessary to satisfy the abstract standard of "clear and convincing." *See* 1 FEDERAL TRIAL GUIDE § 11.41 (Mathew Bender). Knowing that the state of Texas selected this standard to determine whether a person should have his or her parental rights terminated is helpful to a juror in the same way it is helpful to know that the state of Texas selected the "preponderance of the evidence" standard to determine whether a car wreck victim should recover compensatory

damages in a tort case—and the Defendants do not attempt to exclude the latter form of evidence and argument. *See id*.

A juror should rightfully be exposed to such information and then, using his or her independent judgment, attach the appropriate level of significance to this disparate use of the evidentiary standards. The helpfulness in introducing this evidence and argument is not, as Defendants contend, outweighed by its prejudicial effect. *See* Fed. R. Evid. 402, 403.

Further, this motion *in limine* is deficient because it attempts to exclude an entire ill-defined category of evidence and argument. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders *in limine* which exclude broad categories of evidence should rarely be employed."); *Doe v. Sevier Cty.*, No. 3:17-CV-41, 2017 U.S. Dist. LEXIS 36708, at *9 (E.D. Tenn. 2007) ("Indeed, motions in limine are ordinarily, if not necessarily, confined to very specific evidentiary issues . . . .) (internal quotations omitted). This motion attempts to cover all evidence and argument that "denigrat[es]" the Defendants, which is further expanded by the use of the phrase "and the like" at the end of the motion. Because granting this broadly-written motion would inject uncertainty into these proceedings, the preferable course would be to "deal with questions of admissibility of evidence as they arise" at trial. *See Sperberg*, 519 at 712.

**2. Preclude mention, argument, or evidence of other litigation involving Defendants or members of their corporate family.**

As more fully explained in reference to Defendants' motion *in limine* No. 17 below, in the event that the above-captioned lawsuit is tried in two separate proceedings, IV objects to this motion to the extent it prevents a party from referencing either BITCO General Insurance Company and BITCO National Insurance Company in the trial for Great West or vice versa.

**3. Preclude argument, evidence, or suggestion that a Defendant forced IV II to "waste the jury's time" by not settling or the like.**

IV is agreed to this motion to the extent that it applies specifically to arguments, evidence, or suggestion directed "'wasting the jury's time' by not settling." However, because Defendants' attached to the expansive phrase of "or the like" to the end of the above motion Intellectual Ventures is opposed to this motion to the extent it covers argument, evidence, or suggestion beyond this specific category.

> **4. Preclude argument, evidence, or suggestion that HCC or any other company settled or licensed because it knew it infringed or that the '177 patent was valid.**

In discovery, Defendants have sought information concerning the subjective reasons for why other entities have settled or licensed with IV in relation to the '177 patent.



If Defendants, as evidentiary support for their case, present for the jury an interpretation of the subjective states of other entities that have settled and licensed with IV, then IV should be permitted to present to the jury an alternative subjective state. *See Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2018 U.S. Dist. LEXIS 78857, at *18-19 (E.D. Tex. May 10, 2018) ("[W]hile an accused infringer's profit is relevant to the analysis, TCL opened the

door to evidence that TCL underestimated its profit.") (internal citations omitted). Accordingly, this motion *in limine* should be denied.

### 5. Preclude argument or suggestion that Defendants' systems work the same way as companies who have licensed, or that licenses show Defendants infringe

IV objects to this motion *in limine* because it includes argument related to the opinions offered by Defendants damages expert, Christopher Bakewell. *See* Exh. D, Bakewell Rebuttal Report ¶ 253. Mr. Bakewell produces damages figures pursuant to the market approach, the rationale supporting such an approach he describes as "[a]ctual purchases and offers involving the patent-in-suit can be applicable to the determination of a reasonable royalty and provide a framework for determining reasonable royalties . . . ." Exh. D, Bakewell Rebuttal Report ¶ 205.



Because of these opinions of Mr. Bakewell, IV needs to be permitted to introduce rebutting arguments or evidence, which will necessarily implicate the fact that "Defendants' systems work the same way as companies who have licensed." *See Pittman v. Gen. Nutrition Corp.*, No. H-04-3174, 2007 U.S. Dist. LEXIS 22389, at *15 (S.D. Tex. March 28, 2007) ("GNC may cross-examine [the expert witness] as to the deficiencies in his factual or other foundations of, or the reasoning for, his opinions."). The above motion *in limine*, as a consequence, should be denied.

*See Luce*, 469 U.S. at 41.

      **6. Preclude argument or suggestion that license agreements show that the '177 patent is valid**

Defendants expert on invalidity, Mark Crovella, Ph.D., generally discusses the concept of secondary considerations. Exh. H, Crovella Invalidity Report at ¶¶ 39-42. In the event that Dr. Crovella is permitted to introduce opinions concerning secondary considerations, IV requires the ability to present contrary evidence and argument, which may be in the form of other license agreements.

      **7. Preclude argument, evidence, or suggestion of widespread infringement by third parties**

Intellectual Ventures agrees with the above (No. 7) motion *in limine*.

      **8. Preclude argument or suggestion that non-infringement and patent invalidity are "excuses" or the like**

The motion should be denied for the reason that it is written too broadly and covers the vague area of "argument or suggestion" that equate defenses to "excuses." *See United States v. Crawford*, 66 F. Supp. 3d 1311, 1320 (D. Or. 2014); *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ("The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds."). The problem is exacerbated by Defendants' attachment of the phrase "or the like" to the above-motion. The broad sweep of this motion—covering "excuses" or "the like"—includes evidence that is not "clearly inadmissible." *See Lamb*, 2012 U.S. Dist. LEXIS 179081, at *2. For instance, arguably encompassed within this motion is a line of argument which references Defendants defense theory as an "explanation" or "justification."

Further, explicitly referencing a defense theory as an "excuse" is also a valid form of argument which does not impart an unfairly prejudicial effect. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-cv-213-JRG, Closing Argument, Dkt. No. 300, tr. at 43 (Feb.

9, 2015). The reverse of this situation is permitting a defendant to label a plaintiff's theory of liability as "false" or "incorrect." As defendants are, without controversy, permitted to engage in the latter form of argument, so too should Intellectual Ventures be permitted to engage in the former. *See id*. (plaintiff in patent infringement case describing the defendant's approach during trial as telling the jury not "to believe your lying eyes").

### 9. Preclude evidence or argument that products of IV II, the inventors, or any third party practice the patent.

An inventor should be able to testify about his or her invention. An example of the introduction of such evidence can be seen in the case of *See Intellectual Ventures II LLC v. FedEx Corp.* 2:160-cv-00980-JRG. There, one of the inventors of the claimed invention—Mr. Barbosa—provided extensive testimony concerning the problem his invention sought to solve along with the particular features of his invention. *Id*. Dkt. No. 541, tr. at 74-85. Such information provides helpful context to the jury and allows for a clear conceptualization of what is being claimed by the asserted patent. *See id*. IV in this litigation, just as it was in the *FedEx* litigation, should be permitted to provide such evidence and argument to the jury. *See id*. Accordingly, IV objects to the above motion *in limine*.

### 10. Preclude arguments or evidence regarding whether Defendants obtained opinions of counsel.

IV agrees with the above (No. 10) motion *in limine*.

### 11. Preclude mention of Dr. Crovella's patents, except as it relates to his qualifications.

With this motion, Defendants seek to secure the right to question Dr. Crovella about his patents "as they relate to his qualifications," but in the same breath attempt to preclude IV's ability to question Dr. Crovella about his patents for any other reason. In other words, Defendant seek to have the benefit of this evidence without having to endure the risk of introducing it. This they cannot do. *See Ericsson Inc.*, 2018 U.S. Dist. LEXIS 78857, at *18-19.

Information concerning the ownership and royalty payments made under Dr. Crovella's patents is directly relevant to the issue of Dr. Crovella's credibility as a witness. As pointed out by Defendants, IV questioned Dr. Crovella concerning his patents and his responses demonstrated that he is the recipient of royalty payments. ███████████████████████████

███████████████████████████████████████████

█████████ As he is a testifying witness, IV should be able to question Mr. Crovella concerning the ownership and royalty payments related to his patents. *See United States v. Anderson*, 933 F.2d 1261 (5th Cir. 1991) ("A party challenging a witness generally is given the opportunity to pursue all relevant lines of inquiry aimed at discovering and disclosing bias."). Accordingly, this motion *in limine* should be denied. *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 680 (E.D. Tex. 2017) ("[I]t was proper for UroPep to point out the similarities between the two patents, as the jury might reasonably have concluded that the parallels between [the expert] Dr. Rotella's patent and the '124 patent bore on the credibility of Dr. Rotella's critique of the '124 patent.) (J., Bryson).

### 12. Limit IV II's infringement proofs consistent with its stipulations at Dkt. 229-1 and Dkt. 230-1.

IV objects to this motion *in limine* on the basis that ███████████████████ ████████████████████████████████████████████ For example, within this motion *in limine*, ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ This is not the description of the accused instrumentality asserted by IV. This can be seen in the description that IV's expert on infringement, Hugh Smith, Ph.D, provides regarding BITCO's system, e.g.

████████████████████████████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

### 13. Preclude evidence or argument from IV II that links to content, information about content, or information about users are "content."

This motion *in limine* is directed at subject matter that is not only highly factual and substantive in nature, but that is also directly related to the merits of the parties' respective positions on infringement and invalidity. *See* Defendants' Motion for Summary Judgment of Invalidity (Dkt. No. 209) at 14; Plaintiffs' Response (Dkt. No. 223) at 15. In other words, this motion is not directed at appropriate subject matter, i.e., argument and evidence which, if introduced, would "create prejudice too great to be cured by a limiting instruction." *See in re Urethane Antitrust Litig.*, No. 2:08-5169 (WJM-MF), 2016 U.S. Dist. LEXIS 15137, at *6 (D.N.J. Feb. 8, 2016).

For instance, as discussed below in reference to Defendants' motion *in limine* No. 15, IV should be able to introduce evidence concerning post-issuance PTAB proceedings, such as the PTAB's conclusion concerning the definition of "content" in its final written decision for IPR2015-01706. *See* IPR2015-01706, Final Written Decision, Paper No. 28 at 9 (Dkt. No. 209-13). However, this motion *in limine* arguably encompasses such evidence and should, therefore, be denied. *See Lamb*, 2012 U.S. Dist. LEXIS 179081, at *2.

### 14. Preclude IV II from arguing or suggesting that Defendants engaged in copying

IV agrees with the above (No. 14) motion *in limine*.

### 15. Preclude references to or arguments regarding the findings or outcomes of PTAB post-issuance proceedings, except that testimony and statements may be used for impeachment without identifying that they are from PTAB post-issuance proceeding

Defendants indicated their intent of using, at trial, arguments previously made by IV in PTAB post-issuance proceedings to support their proffered definitions of claim terms. This intent

can be seen in Defendants arguments' made in their Motion for Summary Judgment of Invalidity of the '177 Patent: "IV argued to the PTAB that the prior art 'deals only with **link** contribution, not **content** contribution." (Dkt. No. 209) at 14 (emphasis in original). Defendants also make this intent clear within its argument supporting the above motion *in limine*: "To be clear, Defendant do not seek exclusion of otherwise admissible statements made by the parties during those post-issuance proceedings." (Dkt. No. 235) at 15.

Defendants are, therefore, attempting to save for themselves the aspects of the evidence concerning the PTAB post-issuance proceedings they find beneficial to their arguments (i.e., "otherwise admissible statements"), but want to preclude IV from using the portions they find harmful to their arguments (i.e., the PTAB's "decisions" and the "findings, outcomes, and appeals of the Board's decisions."). *See id*. Defendants cannot seek to have it both ways. *See Ericsson*, 2018 U.S. Dist. LEXIS 78857, at *18-19.

If Defendants wish to introduce the evidence to concerning the IPR proceedings initiated by the Defendants and HCC, then they must not be permitted to avoid the consequence of allowing IV to introduce the portions it finds useful. For instance, if this motion is granted, IV would be limited in its ability to introduce evidence that the PTAB rejected arguments made by IV and expressly adopted this definition of "content:" "'electronic data embodying information for an individual or individuals,' and excluding 'links to content,' but not excluding 'content' associated with 'links to content.'" IPR2015-01706, Final Written Decision, Paper No. 28 at 16. The jury should be permitted to hear the resulting decision if the Defendants intend to introduce the arguments that led to it. *See Ericsson*, 2018 U.S. Dist. LEXIS 78857, at *18-19; *Fractus, S.A. v. Samsung Elecs. Co.*, 876 F. Supp. 2d 802, 841 n.15 (E.D. Tex. 2012).

### 16. Preclude references to total sales, revenues, profits, and overall financial status of Defendants or any of Defendants' affiliated companies.

[redacted]

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ IV is, therefore, instilled with the right to introduce evidence and argument relating Defendants' total revenues for the purposes of rebutting the opinions of Mr. Bakewell. *See Payne v. Brayton*. Civil Action No. 4:15-CV-00809, 2017 U.S. Dist. LEXIS 6602, at *6 (E.D. Jan. 18, 2017) (recognizing as a purpose of the disclosure requirements of Federal Rule of Civil Procedure 26 the enabling of the adverse party "to prepare for cross-examination" of an expert witness); Fed. R. Civ. P.26(a)(2)(B) Advisory Committee Notes (2010 Amendment) ("[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.").

Defendants want the ability to introduce this evidence to support their damages theory, but simultaneously want to protect from cross examination certain facts and data their expert used to reach this opinion. This is impermissible. *See Lyondell Chem. Co. v. Albermarle Corp.*, No. 1:01-CV-890, 2007 U.S. Dist. LEXIS 101640, at *21 (E.D. Tex. 2007) ("Defendants may cross-examine [the expert witness] regarding his election not to use the more precise data that were available to him and otherwise attempt to discredit the information underlying his own estimates of volume."). ████████████████████████████████████████████████

████████████████████████████████████████████████████. Exh. E, Coleman Report at 3-4. Accordingly, based on Defendants' own admission, within the breadth of the above motion *in limine* are admissible forms of evidence and argument, meaning this motion should be denied. *See Sperberg*, 519 F.2d at 712.

### 17. Preclude references to BITCO, including the outcome of the BITCO trial, in the Great West trial, and vice versa

Defendants contend that introduction of references of BITCO in the Great West trial, and vice versa, "could easily mislead and confuse the jurors." (Dkt. No. 235) at 13. The opposite is actually true. The cases filed by IV against BITCO and Great West were consolidated by this Court for all pretrial issues. (Dkt. No. 172). The cases involve related entities (both possessing Old Republic International Corporation as their ultimate parent corporation) that have been, in many ways, analyzed interchangeably by the parties' experts.

For instance, Mr. Coleman attempts to rebut the opinions of IV's industry expert by stating:



Exh. E, Coleman Report at 5. Mr. Bakewell, Defendants' damages expert, even explicitly includes within this report the clarification that ▮▮▮ Exh. D, Bakewell Rebuttal Report at ¶ 2. Mr. Bakewell then proceeds to provide opinions that are, at times, explicitly inseparable in regard to what particular defendant they apply to. For instance, Mr. Bakewell opines that ▮▮▮ *Id*. at ¶ 194.

Defendants should not be able to rely on expert reports that provide monolithic opinions concerning the Defendants and then put IV at a disadvantage by having to tease out what portions seem to be applicable to BICTO from the ones that seem to be applicable Great West. The above motion *in limine* is, therefore, improper. *See Luce*, 469 U.S. at 41.

### 18. Preclude references to the licenses and information therein that are

**undisputedly not relevant to the damages analysis**

IV objects to this motion *in limine* on the basis that is overly vague and impermissibly broad. *See Sperberg*, 519 F.2d at 712. Read literally, this motion would preclude any "reference" to "information" that is "not relevant to the damages analysis." This category is extremely expansive and is limited only by the particular litigant's subjective understanding of what is and is not relevant to the damages analysis. The preferable course is to address objections to argument and evidence falling within the scope of this motion as they arise during trial. *See id*.

**19. Preclude commentary about the absence of potential witnesses over whom a party has no control without leave of Court**

IV agrees with the above (No. 19) motion *in limine*.

**20. Preclude argument or evidence by Plaintiff about entities that are not Plaintiff**

Knowing that they will be precluded from using terms such as "patent troll" and "non-practicing entity" to describe IV at trial, Defendants are attempting to create the same impermissible derogatory effect through implementation of the above motion *in limine*. ██████████████████████████████████████████████████████████. ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████. ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████. *See Eidos Display, LLC v. Chi Mei Innolus Corp.*, No. 6:11-CV-00201-JRG, 2017 U.S. Dist. LEXIS 157062, at *4 (E.D. Tex. May 26, 2017) (granting a motion *in limine* the precluded references to the plaintiff as a "sham" or "patent troll").

Defendants proffered rationale for excluding this form of evidence—that it would create jury confusion—is unconvincing. In another patent infringement suit where Intellectual Ventures II LLC was the plaintiff, this Court has not precluded the introduction of evidence related to the business function of related entities. *See Intellectual Ventures II LLC v. FedEx Corp.*, 2:160-cv-00980-JRG, Dkt. No. 541, tr. at 86 (allowing counsel for Intellectual Ventures II to conduct a direct examination of a witness while referring to "Intellectual Ventures" and questioning how it "invested" in an invention). ███████████████████████████████████████████████████████████████████████████████████████

Finally, Defendants again attempt to carve our evidence and argument from this motion *in limine* they deem helpful to their case: "This motion is not intended to preclude a party from identifying patents encompassed in licenses at issue in the damages case, nor from offering evidence on the history of the ownership of the '177 patent." (Dkt. No. 235) at 15. It does not follow that it is permissible to introduce evidence on an argument relating to entities other than Intellectual Ventures II LLC for the specific purposes of "identifying patents" and "ownership" of the patent-at-issue, but it is impermissible for all other purposes. *See Ericsson*, 2018 U.S. Dist. LEXIS 78857, at *18-19; *Fractus, S.A.*, 876 F. Supp. 2d at 841 n.15. Accordingly, this motion *in limine* should be denied.

Respectfully submitted,

/s/Derek Gilliland\
Derek Gilliland\
Texas State Bar No. 24007239\
Ty Wilson\
Texas State Bar No. 24106583\
NIX PATTERSON & ROACH, L.L.P.\
205 Linda Drive\
Daingerfield, Texas 75638\
903.645.7333 (telephone)\
903.645.5389 (facsimile)\
dgilliland@nixlawcom\
twilson@nixlaw.com.

Karl Rupp\
Texas State Bar No. 24035243\
Ross Leonoudakis\
Texas State Bar No. 24087915\
Winn Cutler\
Texas State Bar No. 24084364\
NIX PATTERSON L.L.P.\
1845 Woodall Rodgers Frwy., Ste. 1050\
Dallas, Texas  75201\
972.831.1188 (telephone)\
972.444.0716 (facsimile)\
krupp@nixlaw.com\
rossl@nixlaw.com

**ATTORNEYS FOR PLAINTIFFS**\
**INTELLECTUAL VENTURES II LLC**

### CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

The undersigned certifies that, pursuant to Local Rule CV-5(a)(7), the foregoing instrument designated as confidential in accordance with the previously signed Protective Order is authorized by the Court to be filed under seal. Counsel for Plaintiff, Derek Gilliland and Ty Wilson, and counsel for Defendants, Irene Yang and Andrew Langford, met and conferred in good faith and concluded in good faith that discussions over the issues raised in this response had conclusively ended in an impasse, leaving the issues open for Court resolution.

**/s/ Derek Gilliland**\
**NIX PATTERSON & ROACH, L.L.P.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Plaintiff Intellectual Ventures II, LLC, certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).

      /s/Ty Wilson
      **NIX PATTERSON & ROACH, L.L.P.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 6th day of February 2019.

      /s/Ty Wilson
      **NIX PATTERSON & ROACH, L.L.P.**