███████████████████████████████

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Intellectual Ventures II LLC, | |
| *Plaintiff and Counter-Defendant*, | |
| v. | Case No. 6:18-CV-00298-JRG |
| BITCO General Insurance Corp., f/k/a, Bituminous Casualty Corp.; and BITCO National Insurance Co., f/k/a Bituminous Fire and Marine Insurance Co., | LEAD CASE  **ORAL ARGUMENT REQUESTED** |
| *Defendants and Counterclaimants*. | |
| Intellectual Ventures II LLC, | |
| *Plaintiff and Counter-Defendant*, | |
| v. | Case No. 6:18-CV-00299-JRG |
| Great West Casualty Company, | |
| *Defendant and Counterclaimant*. | |

## BITCO AND GREAT WEST'S SEALED RESPONSES TO PLAINTIFF INTELLECTUAL VENTURES II LLC'S MOTIONS *IN LIMINE*

███████████████████████████

## TABLE OF CONTENTS

1. Response to IV II MIL No. 1: Exclude pejorative references to IV II or Its business model (e.g., 'patent troll,' 'non- practicing entity,' 'patent assertion entity,' 'a company that doesn't make anything,' or 'a company that doesn't sell anything'). .................................................................................................. 1

2. Response to IV II MIL No. 2: Exclude evidence relating to any post-grant proceedings involving the Patent-in-Suit or any other patents owned by IV II, including but not limited to IV II's affirmative disclaimer of patent claims. ............... 2

3. Response to IV II MIL No. 3: Exclude evidence or argument relating to any other litigation involving IV II and any orders therefrom, including lawsuits between IV II and Defendants' parent company, Old Republic, any other insurance company, or any other company of any kind. .............................................. 4

4. Response to IV II MIL No. 4: Exclude evidence or argument relating to an alleged ██████████████████████████ or any other alleged ██████ ██████████████████ ............................................................................. 5

5. Response to IV II MIL No. 5: Exclude evidence or argument relating to any ████████████████ by IV. ........................................................................... 5

Response to IV II MIL No. 7: Exclude evidence or argument relating to whether or not ████████████████████████████████ ............................ 5

6. Response to IV II MIL No. 6: Exclude evidence or argument relating to any ████████████████████ ....................................................................... 6

7. Response to IV II MIL No. 8: Exclude evidence or argument relating to any Attorney/Client Relationship or legal fees and expenses. ................................... 7

8. Response to IV II MIL No. 9: Exclude evidence or argument relating to any Court rulings on evidence. ....................................................................................... 7

Response to IV II MIL No. 10: Exclude evidence or argument relating to any Court rulings on motions in limine. ..................................................................... 7

9. Response to IV II MIL No. 11: Exclude evidence or argument relating to any Court rulings on claim construction. ...................................................................... 7

10. Response to IV II MIL No. 12: Exclude evidence or argument relating to any untimely claim construction arguments and arguments that conflict with or are outside the Court's claim construction order. .......................................................... 8

11. Response to IV II MIL No. 13: Exclude evidence or argument relating to any uncharted prior art to prove invalidity by demonstrating that uncharted prior art

discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative. .................................................................................................. 9

**12.**   Response to IV II MIL No. 14: Exclude evidence or argument offered to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Crovella's declaration. ................................................................. 10

**13.**   Response to IV II MIL No. 15: Exclude evidence or argument relating to any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case. ................................................. 11

**14.**   Response to IV II MIL No. 16: Exclude evidence or argument relating to any amended pleadings, discovery, and contentions. ........................................... 12

**15.**   Response to IV II MIL No. 17: Exclude evidence or argument relating to location of the Parties' Corporate Headquarters. ......................................... 12

**16.**   Response to IV II MIL No. 18: Exclude evidence or argument relating to any alleged USPTO Workload. ............................................................................. 13

**17.**   Response to IV II MIL No. 19: Exclude evidence or argument relating to any alleged local effect of a judgment. .............................................................. 14

**18.**   Response to IV II MIL No. 20: Exclude evidence or argument relating to any testimony, evidence, or argument regarding Defendants' patents that allegedly relate to any Accused Products. .................................................................... 14

**19.**   Response to IV II MIL No. 21: Exclude evidence or argument relating to any witnesses not disclosed during discovery.................................................... 14

**20.**   Response to IV II MIL No. 22: Exclude evidence or argument relating to any documents or tangible things not produced during discovery.................... 14

███████████████████████

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*3rd Eye Surveillance, LLC v. The City of Forth Worth*,
    Civ. No. 6:14-cv-725, Dkt. 177 (E.D. Tex. Jan. 12, 2017) ..................................................13

*3rd Eye Surveillance, LLC v. The City of Forth Worth*,
    No. 6:14-cv-725, Dkt. 177 ..............................................................................................14

*Alice Corp. Pty. v. CLS Bank Int'l*,
    134 S.Ct. 2347 (2014) ....................................................................................................10

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
    No. 2:15-cv-01047 (E.D. Tex. Nov. 8, 2016) ..................................................................12

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
    Case No. 2:14-cv-911-JRG-RSP, Dkt. 519 (E.D. Tex. July 12, 2016) ...............................13

*Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*,
    No. 2:14-cv-912, 2016 WL 4718963 (E.D. Tex. Jul. 12, 2016) .........................................12

*Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC*,
    Case No. 2:15-CV-00037-RWS-RSP, Dkt. 410 (E.D. Tex July 4, 2017) .............................10

*Intellectual Ventures II LLC v. FedEx Corp.*,
    No. 2:16-cv-980-JRG, Dkt. 505 (E.D. Tex. Apr. 26, 2018) ..................................................2, 8

*Intellectual Ventures II LLC v. Kemper Corp.*,
    No. 6:16-cv-81-JRG-KNM, Dkt. 134 (E.D. Tex. Jan. 31, 2019) ........................................8, 9

*Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*,
    No. 1:12-CV-654, 2016 WL 4238769 (W.D. Mich. Jan. 28, 2016) .......................................3

*Mobile Telecommunications Technologies, LLC v. Clearwire Corporation*,
    No. 2:12-cv-308, Dkt. 200 (E.D. Tex. Jan. 29, 2014) ...........................................................6

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
    No. 2:15-cv-621, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) ............................................1

*Perdiemco, LLC v. Industrack LLC*,
    Case No. 2:15-CV-00727-JRG, Dkt. 250 (E.D. Tex. Oct. 12, 2016) ....................................10

*Personalized User Model, L.L.P. v. Google Inc.*,
    No. CV 09-525-LPS, 2014 WL 807736 (D. Del. Feb. 27, 2014) ............................................2

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
No. 2:13-cv-213, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) ...............................................1

*SimpleAir, Inc. v. Google, Inc.*,
No. 2:14-cv-11-JRG, Dkt. 325 (E.D. Tex. Oct. 5, 2015)........................................................13

*Tyco Healthcare Group LP v. Applied Medical Resources Corp.*,
No. 9:09-cv-00176, Dkt. 63 (E.D. Tex. Feb. 26, 2010)..........................................................5

**Statutes**

35 U.S.C. §§ 101, 102, 103 ...............................................................................................................10

35 U.S.C. § 282 ...................................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii), (a)(3)(A).................................................................................14

Fed. R. Civ. P. 26(a)(2)(B) ...............................................................................................................9

Fed. R. Evid. 402 and 403.................................................................................................................3

FRE 401 and 403 .............................................................................................................................11

Defendants BITCO General Insurance Corp. and BITCO National Insurance Co.

("BITCO") and Great West Casualty Company ("Great West," collectively, "Defendants")

respectfully respond to Plaintiff Intellectual Ventures II LLC's ("IV II") motions *in limine* (Dkt.

234) as follows.

1.      **Response to IV II MIL No. 1: Exclude pejorative references to IV II or Its business model (e.g., 'patent troll,' 'non- practicing entity,' 'patent assertion entity,' 'a company that doesn't make anything,' or 'a company that doesn't sell anything').**

The parties have met and conferred and reached agreement that the following proposal

will resolve IV's Motion *in Limine* No. 1, except that the parties dispute whether the bolded

clause should be included and therefore submit that disputed issue for resolution by the Court:

> Preclude Defendants from making pejorative references to Plaintiff or its business model, such as "patent troll," "non-practicing entity," "pirate," "bounty hunter," "privateer," "bandit," "stick up," "hold up," "shakedown," "paper patent," "playing the lawsuit lottery," and "patent pirates."

> Defendants are not precluded from presenting arguments or evidence that factually describe Plaintiff or its business model, including for example the fact that Plaintiff does not make anything, does not sell anything, *is a patent assertion entity that* asserts patents as part of its business model, acquires patents through various means, and asserts its patents through licensing and litigation.

Plaintiff advised Defendants that it believes the phrase "patent assertion entity" is a

pejorative reference that should be excluded.  Plaintiff is incorrect because the phrase "patent

assertion entity" is a factual, non-pejorative description of IV II, and IV II's proposal to preclude

that factual language is contradicted by this Court's prior decisions.  For example, IV II's own

brief cites two of this Court's decisions that explicitly did "***not*** prevent Defendants from arguing

that Plaintiff *is a patent assertion entity* that does not manufacture or sell products in this field."

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213, 2015 WL 627430, at *1

(E.D. Tex. Jan. 31, 2015) (emphasis added); *Parthenon Unified Memory Architecture LLC v.*

*Apple Inc.*, No. 2:15-cv-621, 2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016) (same).

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████   To prohibit Defendants

from factually describing IV II's business model, which is highly relevant to the various portions

of case including but not limited to the damages analysis, would unfairly prejudice Defendants

and withhold relevant information from the jury.

Therefore, the Court should resolve IV's Motion *in Limine* No. 1 by entering the proposal

above without modification, and should not preclude use of the phrase "patent assertion entity"

at trial.

**2.       Response to IV II MIL No. 2: Exclude evidence relating to any post-grant proceedings involving the Patent-in-Suit or any other patents owned by IV II, including but not limited to IV II's affirmative disclaimer of patent claims.**

The parties appear to agree that any reference to or argument regarding the findings or

outcomes of PTAB post-issuance proceedings should be excluded.  *See* Dkt. 235 at 10

(Defendants' Motion *in Limine* No. 15).  Defendants' Motion *in Limine* No. 15 includes a carve-

out that has been recognized by this Court and others as appropriate: otherwise admissible

testimony and statements may be used for impeachment without identifying that they are from a

PTAB post-issuance proceeding.  *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-980-

JRG, Dkt. 505, at 8 (E.D. Tex. Apr. 26, 2018) ("The Court declines to impose a limitation on the

ordinary and usual use of impeaching information, including testimony from post-issuance

proceedings; however, the Parties should not identify the impeaching information as coming

from a post-issuance proceedings."); *Personalized User Model, L.L.P. v. Google Inc.*, No. CV

2

09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (allowing "statements made or evidence proffered during the reexaminations so long as this is done without referencing either the reexamination or the rejections"); *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-CV-654, 2016 WL 4238769, at *3 (W.D. Mich. Jan. 28, 2016) (same, in context of IPRs). Defendants oppose IV II's Motion *in Limine* to the extent that it seeks to prevent the use of this evidence (without identifying it as from a PTAB post-issuance proceeding) for impeachment purposes.

IV II indicated during meet and confer that it believes that everything related to the PTAB proceedings should be able to be presented to the jury, or nothing at all.  But IV II's approach is contradicted by the above-cited case law in this and other jurisdictions, and supported solely by its citation to an *agreed* motion *in limine*.  Defendants' Motion *in Limine* No. 15 strikes the appropriate balance under Fed. R. Evid. 402 and 403.  Defendants "would be unfairly prejudiced if [they] cannot submit evidence from the IPR proceedings where [IV II], for example, makes inconsistent arguments."  *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-CV-654, 2016 WL 4238769, at *3 (W.D. Mich. Jan. 28, 2016).

Allowing Defendants to impeach IV II's witnesses with IV II's own past inconsistent statements is highly relevant to allowing the jury to assess the credibility of the witnesses in the trial, particularly in this case where IV II's understanding of its claims has shifted.  Despite alleging that hyperlinks infringed the claimed "content" from May 2015 through May 2016, IV II told the patent office that hyperlinks were outside the scope of "content."  *See, e.g.*, Ex. 3 (IPR2015-01706 Oral Hearing Tr.) to the Dillon Declaration at 62:4-10 ("[I]s there some inconsistency between some of the statements in the initial infringement contentions and … what we're saying here [to the PTAB]? Yeah, there is some inconsistency. I can't dispute that.").

3

████████████████████████████

Then, after IV II appealed the PTAB's construction of "content" as "clear error" to the U.S.

Court of Appeals for the Federal Circuit, its litigation validity expert applied the PTAB's

construction in support of his written description opinion and opined that it was the correct

construction of "content."  *See* Dkt. 209 at 18-19; *e.g.*, Ex. 4   (Gray Report) to the Dillon

Declaration ¶¶ 212-215.  IV II cannot be allowed to avoid the consequences of its inconsistent

positions between the PTAB and district court.

3.      **Response to IV II MIL No. 3: Exclude evidence or argument relating to any other litigation involving IV II and any orders therefrom, including lawsuits between IV II and Defendants' parent company, Old Republic, any other insurance company, or any other company of any kind.**

The parties agree that references to other lawsuits between IV II and Defendants' parent

company should be excluded.  Dkt. 235 at 1-2 (Defendants' Motions *in Limine*).  However, IV

II's motion is overbroad in at least two respects.

First, two of the ██████ at issue in the damages case (to ████████████) arose from

litigation with IV II, and ██████████████████████████████ That is a

relevant fact for the jury to consider and to be probed with damages experts.  Accordingly, the

Court should not bar the parties from referencing that the ██████████████ arose in

the context of litigation with IV II as part of the damages case.

Second, as with IV II's Motion *in Limine* No. 1, Defendants should not be precluded

from describing IV II's business model.  Thus, while Defendants are amenable to excluding

references to specific IV II cases or companies IV II has litigated against (except as necessary to

discuss the ████████████████), the Court should not preclude Defendants from

advancing the general facts that IV II makes licensing demands and sues companies that do not

take a license.

4

██████████████████████████████████████████████████████████

**4.      Response to IV II MIL No. 4: Exclude evidence or argument relating to an alleged** ████████████████████████████ **or any other** ████████████████████
████████████

Contrary to IV II's assertion (Dkt. 234 at 3-4), evidence regarding IV's ████████████ ████████ is relevant to IV II's business model and should not be excluded.  *See, e.g.*, *Mobile Telecommunications Techs., LLC*, Dkt. 238 at 7 (allowing "fair and factual overview of [plaintiff]'s business model, including the facts that [plaintiff] . . . acquires patents through various means, and asserts those patents through licensing and litigation").  Evidence regarding IV II's ████████████████████████████████████████████████

████████████████████████████  Moreover, evidence regarding IV II's ████████████████

████████ are relevant to the analysis performed by Defendants' damages expert.  *See, e.g.*, Ex. 5 (Bakewell Rebuttal Report) to the Dillon Declaration ¶¶ 8 (reasonable royalty analysis based on information cited in report), 42, 56, 247; *see Tyco Healthcare Group LP v. Applied Medical Resources Corp.*, No. 9:09-cv-00176, Dkt. 63 at 7 (E.D. Tex. Feb. 26, 2010) ("the '553 patent is relevant as to damages" because "[b]oth parties' experts relied on a 1998 royalty agreement between Applied and Johnson & Johnson licensing the '553 patent").  Thus, rather than mere "collateral business and legal proceedings" (Dkt. 234 at 3), evidence of IV II's ████████████████

████████ are directly relevant to IV II's business model of acquiring and asserting patents through licensing and litigation.

**5.      Response to IV II MIL No. 5: Exclude evidence or argument relating to any** ████████████████████████ **by IV.**

**Response to IV II MIL No. 7: Exclude evidence or argument relating to whether or not IV** ████████████████████████████████████████████████

Similar to IV II's Motion *in Limine* No. 4, the evidence that IV II seeks to exclude in these MILs is relevant to the overall value of the asserted patent.  For example, in his reasonable royalty analysis, Defendants' damages expert discusses evidence that shows that ████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████ Ex. 5 (Bakewell Rebuttal Report) to the Dillon Declaration ¶¶ 8 (reasonable

royalty analysis based on information cited in report), 60.  Accordingly, such information is

relevant to at least the damages issues in this case and should not be excluded.

In addition, to the extent IV II presents evidence or argument regarding any success or

value of the '177 patent attributable to its patent portfolio, Defendants should, in fairness, be

allowed to present evidence to the contrary. *Mobile Telecommunications Technologies, LLC v.

Clearwire Corporation*, No. 2:12-cv-308, Dkt. 200 at 1-2 (E.D. Tex. Jan. 29, 2014) (if

defendants put their financial condition at issue, "they open the door to MTEL presenting

evidence regarding the rest of their financial situation;" likewise, if plaintiff "takes the position

that its 'investment in spectrum minimizes the relative value of the claimed attributes of the '403

patent,' the value of the spectrum becomes highly relevant, and that such an argument would

thus open the door to evidence as to the value of that spectrum, including the purchase price [at

which plaintiff was acquired by Sprint] at issue in this Motion.")

**6.      Response to IV II MIL No. 6: Exclude evidence or argument relating to any**
████████████████████████████████████████████████

IV II's request to exclude any statements that ████████████████████████████

████████ (Dkt. 234 at 4) is overly broad and does not provide Defendants with sufficient

context to determine whether individual statements are relevant to issues in the case.  That

certain statements may contain ████████████████████████ alone is not sufficient to

render those statements irrelevant.  Defendants, therefore, assume that IV II's request is limited

to the ███ statements that it specifically identified (*i.e.*, Dkt. 234, Exhibit A-D).

As explained with respect to at least IV II Motion *in Limine* Nos. 1, 2, and 4, Defendants

should not be precluded from presenting evidence that IV II makes licensing demands and sues

████████████████████████████████████

companies that do not take a license. ████████████████████████████

████████████████████████████████████ and

should not be excluded.

In addition, to the extent IV II presents evidence or argument in praise of ██████████

██████████████████████ Defendants should, in fairness, be allowed

to present evidence to the contrary.

7. **Response to IV II MIL No. 8: Exclude evidence or argument relating to any Attorney/Client Relationship or legal fees and expenses.**

Defendants understand that Plaintiff seeks to exclude evidence or argument regarding

Plaintiff's ████████ fee agreement with its counsel as well as evidence or argument regarding

the amount of legal fees and expenses Defendants have paid in its defense of this litigation. On

that understanding, Defendants do not oppose IV II's Motion *in Limine* No. 8. The parties have

submitted an agreed motion *in limine* to resolve this Motion *in Limine*.

8. **Response to IV II MIL No. 9: Exclude evidence or argument relating to any Court rulings on evidence.**

   **Response to IV II MIL No. 10: Exclude evidence or argument relating to any Court rulings on motions in limine.**

Defendants do not oppose IV II's Motion *in Limine* Nos. 9 and 10 with the caveat that

they do not preclude a party from making objections based on Court rulings on evidence or Court

rulings on motions *in limine*.  IV II informed Defendants that it does not oppose these caveats.

The parties have submitted agreed motions *in limine* to resolve these Motions *in Limine*.

9. **Response to IV II MIL No. 11: Exclude evidence or argument relating to any Court rulings on claim construction.**

IV II's Motion *in Limine* No. 11 should be denied because it contradicts this Court's

Claim Construction Order and is otherwise unnecessary.  Specifically, IV II's motion requests

that the parties not be precluded from discussing "the Court's rationale for its claim

constructions" as set forth in the *Markman* opinion and order.  Dkt. 234 at 6.  This Court already

ruled that "the parties are **ORDERED** to refrain from mentioning any portion of [the claim

construction opinion], other than the actual definitions adopted by the Court, in the presence of

the jury."  Dkt. 116 at 55.

10.     **Response to IV II MIL No. 12: Exclude evidence or argument relating to any untimely claim construction arguments and arguments that conflict with or are outside the Court's claim construction order.**

IV II's Motion *in Limine* No. 12 seeks to preclude Defendants from presenting their

expert's application of the plain and ordinary meaning of the claim term "any."  Such a

restriction is improper and directly contrary to a claim construction order recently issued by

Magistrate Judge Mitchell in another IV II case pending before this Court that involves the '177

patent.  *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG-KNM, Dkt. 134

(E.D. Tex. Jan. 31, 2019).

Asserted claim 14 of the '177 patent requires "wherein the centralized access point [of

claim 11] is further operative to enable a user to manage ***any*** content contributed by them."

"Any" was not construed in this case, as neither party believed it needed construction, and thus

the plain and ordinary meaning applies.  Defendants' technical expert, Dr. Crovella,

consequently opined that in the context of the claims, the plain and ordinary meaning of "enable

a user to manage any content contributed by them" is that the user must "be able to manage all of

the content they've contributed."  Dkt. 234-7 at 83:5-14 ("that's the plain meaning"); *e.g.*, Ex. 6

(Crovella Non-Infringement Report) to the Dillon Declaration ¶¶ 101, 180, 184, 203, 222.  As

this Court has ruled in the past, "[t]he Parties have the right to tell the jury what they believe is

the plain and ordinary meaning of unconstrued terms."  *Intellectual Ventures II LLC v. FedEx

Corp.*, No. 2:16-cv-980-JRG, Dkt. 505 at 5 (E.D. Tex. Apr. 26, 2018).  Application and

explanation of the plain and ordinary meaning of unconstrued terms is not improper claim

construction—if it were, every single word of a claim could presumably be argued to need construction.  Thus, IV II's request contradicts this Court's precedents and, if granted, would preclude Defendants from responding to IV II's technical expert's understanding and application of the plain and ordinary meaning of this claim term. This Motion *in Limine* should be denied.

Further, in the *Intellectual Ventures II LLC v. Kemper Corp.* case also pending before this Court, Magistrate Judge Mitchell recently agreed with Defendants' technical expert's understanding and construed "manage any content" to mean "manage *all* stored content."  No. 6:16-cv-81-JRG-KNM, Dkt. 134 at 23 (E.D. Tex. Jan. 31, 2019) (emphasis added).  Thus, as an alternative, the Court may also resolve this dispute by entering the same construction of "manage any content" in the present cases, as Judge Mitchell has now rejected IV II's interpretation of the plain and ordinary meaning.

The other issues raised in IV II's motion are non-specific, generalized concerns (*e.g.*, arguing claim construction to the jury or discussing the reasoning of the Court's claim construction order) that do not warrant an *in limine* order. *See* Response to IV II's MIL No. 11.

**11.    Response to IV II MIL No. 13: Exclude evidence or argument relating to any uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative.**

IV II's Motion *in Limine* No. 13 should be denied because it is unnecessary and its overbreadth prejudices Defendants.  Defendants' invalidity arguments at trial are already subject to the notice requirements of 35 U.S.C. § 282 and the requirement that expert testimony be limited to the disclosures in the expert reports.  *See* Dkt. 246; Fed. R. Civ. P. 26(a)(2)(B).  To the extent this Motion *in Limine* asks that Defendants abide by 35 U.S.C. and the Federal Rules of Civil Procedure, it is unnecessary and should be denied.

9

However, to the extent this Motion *in Limine* intends to preclude Defendants from offering evidence or argument that has been properly disclosed and highly relevant to Defendants' defenses under 35 U.S.C. Sections 101, 102, 103, or 112, it should be denied.  There is no reason that properly disclosed evidence and argument regarding background material relevant to the technology at issue, the state of the art, or the background informing the knowledge of one of ordinary skill in the art should be excluded simply because Plaintiff believes it to be contrary to its position that claim 14 is valid.  Even IV II's cases allow evidence and argument related to this type of information.  *See, e.g.*, *Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC*, Case No. 2:15-CV-00037-RWS-RSP, Dkt. 410 at 2 (E.D. Tex July 4, 2017) (allowing this information); *Perdiemco, LLC v. Industrack LLC*, Case No. 2:15-CV-00727-JRG, Dkt. 250 at 2 (E.D. Tex. Oct. 12, 2016) (same).

Further, as to whether the limitations recited by claim 14 are well-understood, routine, and conventional, (*Alice Corp. Pty. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2354 (2014)), the Court found that "questions of material fact remain" as to whether claim 14 fails the second *Alice* prong.  Dkt. 236 at 15.  Defendants thus must advance testimony and evidence that shows the well-understood, routine, and conventional nature of the limitations of claim 14 to resolve the question identified by the Court.  IV II cannot be allowed to now handicap Defendants' case.

**12.     Response to IV II MIL No. 14: Exclude evidence or argument offered to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Crovella's declaration.**

IV II does not identify a basis for the Court to preclude Defendants from relying on "third-party citations" when proving the public accessibility of prior art.  IV II's motion disputes whether these citations "establish" public accessibility, but does not dispute that they are probative.  *See* Dkt. 234 at 8-10.  Indeed, IV II's motion *acknowledges* the relevance and

10

probative value of the evidence it seeks to exclude.  *See* Mot. at 9 (admitting that a "collateral citation by a third-party source to the purported piece of prior art … suggests that *one* person was aware of the prior art through *any* means at *some* time before the invention occurred.").  Whether Defendants' evidence *as a whole* is sufficient to show the prior art status of Defendants' prior art printed publications and systems goes to the *weight* of that evidence and is a dispute for the jury.  Nor does IV II explain what it means by "collateral citations in third-party sources."  The evidence it points to—Wayback Machine captures—are evidence of the existence and accessibility of websites on the associated date, and it is not clear what IV II seeks to exclude through reference to "collateral citations."  IV II makes no attempt to identify any unfair prejudice from admitting such evidence and does not explain why its probative value is outweighed by any such prejudice, so cannot succeed under FRE 401 and 403.

13. **Response to IV II MIL No. 15: Exclude evidence or argument relating to any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case.**

Defendants do not oppose precluding references to IV II's abandoned assertion of its '555 patent.  Defendants also do not oppose precluding arguments about IV II's abandoned assertion of various '177 patent claims against Defendants, such as disclaimed claims 1-10 of the '177 patent (Ex. 7 to the Dillon Declaration) or invalidated claims 12-13 and 15-20 (*see* Ex. 8  to the Dillon Declaration (PTAB decision in IPR2016-01434 invalidating claims 11-13 and 15-20); Ex. 9 to the Dillon Declaration (Federal Circuit order dismissing appeal of PTAB's invalidity determination).  However, the only asserted claim (claim 14) depends on independent claim 11, which was previously asserted.  The Court should not preclude Defendants from making arguments about claim 11 or prevent Defendants from informing the jury that claim 11 is not asserted as a stand-alone claim.

11

████████████████████████████████

The Court should also deny this motion to the extent it would preclude discussing

████████████████████████████████ produced by IV II (which involved dismissals in

prior cases) for purposes of the damages case.

Finally, the Court should deny this overbroad motion as to any "dropped or dismissed"

"theory, or accused product or functionality."  These descriptions are too vague and untethered to

a specific concern to give the parties fair notice about what is precluded, and as written, could

even preclude routine cross examination such as highlighting inconsistent expert opinions. *See*

*Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 2:15-cv-01047 at 2 (E.D. Tex. Nov. 8, 2016) (limiting

MIL that requested exclusion of "[e]vidence and argument as to any dismissed and abandoned

claims, any dropped claims and products, and any dropped prior art references").

14.    **Response to IV II MIL No. 16: Exclude evidence or argument relating to any amended pleadings, discovery, and contentions.**

Defendants do not oppose IV II's Motion *in Limine* no. 16 insofar as it concerns

introducing evidence or argument regarding the differences between original and amended

pleadings, discovery responses, or infringement/invalidity contentions.  Defendants do oppose

this motion to the extent it could be read to preclude a party from cross examining an expert

about inconsistencies in the experts' opinions or inconsistencies between the experts' opinions

and a party's contentions. *See, e.g., Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, No.

2:14-cv-912, 2016 WL 4718963 at *3 (E.D. Tex. Jul. 12, 2016) ("LG may identify apparent

contradictions or inconsistencies between Core's infringement theories and Core's validity

theories as a means of cross-examination or impeachment.").

15.    **Response to IV II MIL No. 17: Exclude evidence or argument relating to location of the Parties' Corporate Headquarters.**

Defendants do not oppose IV II's Motion *in Limine* No. 17 insofar as it seeks to preclude

accusations that IV II engaged in forum shopping.  However, the motion is overbroad and would

preclude relevant factual information that is not overly prejudicial or derogatory.  There is

nothing improper about informing the jury about where the parties are located, and the parties

already have an agreed motion *in limine* that bars arguments that disparage a party on the ground

that it is located outside Texas.  Dkt. 233 at 2 (Agreed Motion *in Limine* No. 1); *e.g.*, *SimpleAir,*

*Inc. v. Google, Inc.*, No. 2:14-cv-11-JRG, Dkt. 325 at 4-5 (E.D. Tex. Oct. 5, 2015).  Furthermore,

Defendants' locations are relevant to the damages case because local labor costs are one of the

issues in the damages calculation.  Ex. 10 (Coleman Report) to the Dillon Declaration ¶¶ 14, 16,

27-28, 30.

16.     **Response to IV II MIL No. 18: Exclude evidence or argument relating to any alleged USPTO Workload.**

        Defendants do not oppose IV II's Motion *in Limine* No. 18 to the extent it seeks to

exclude disparaging characterizations of the USPTO's workload.  If IV II seeks to preclude a

factual recounting of the USPTO's operation, including that it must examine a great many

patents and can only provide its examiners so many hours to examine a given patent application,

then Defendants oppose.  Defendants should be allowed to explain that the USPTO is required to

review "many patents and can make mistakes," as well as refer to and explain the Federal

Judicial Center's patent video, which describes the patent prosecution process including the

workload that the USPTO faces as a matter of course.  *See, e.g.*, *3rd Eye Surveillance, LLC v.*

*The City of Forth Worth*, Civ. No. 6:14-cv-725, Dkt. 177 at 5 (E.D. Tex. Jan. 12, 2017); *Core*

*Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, Case No. 2:14-cv-911-JRG-RSP, Dkt. 519 at

5 (E.D. Tex. July 12, 2016) (precluding "disparage[ment]" but allowing "evidence and argument

that specific mistakes were made in … the prosecution of the asserted patents").

17.     **Response to IV II MIL No. 19: Exclude evidence or argument relating to any alleged local effect of a judgment.**

Defendants do not oppose IV II's Motion *in Limine* No. 19 and have submitted an agreed

motion *in limine* to resolve this Motion *in Limine*.

18.     **Response to IV II MIL No. 20: Exclude evidence or argument relating to any testimony, evidence, or argument regarding Defendants' patents that allegedly relate to any Accused Products.**

Defendants do not oppose IV II's Motion *in Limine* No. 20 and have submitted an agreed

motion *in limine* to resolve this Motion *in Limine*.

19.     **Response to IV II MIL No. 21: Exclude evidence or argument relating to any witnesses not disclosed during discovery.**

Defendants do not oppose IV II's Motion *in Limine* No. 21 and have submitted an agreed

motion *in limine* to resolve this Motion *in Limine*.

20.     **Response to IV II MIL No. 22: Exclude evidence or argument relating to any documents or tangible things not produced during discovery.**

Defendants oppose IV II's Motion *in Limine* No. 22 to the extent it would *per se* bar use

of materials for impeachment on the ground that they were not produced during discovery.  *See,*

*e.g.*, *3rd Eye Surveillance, LLC v. The City of Forth Worth*, No. 6:14-cv-725, Dkt. 177 at 6

(granting motion *in limine* to preclude "[d]ocuments that were not produced during discovery

*unless used for impeachment*" and directing parties to approach the bench before impeaching

with a document not produced during discovery) (emphasis added); Fed. R. Civ. P.

26(a)(1)(A)(i)-(ii), (a)(3)(A) (exempting information used "solely for impeachment" from scope

of initial and pretrial disclosures).

Dated: February 6, 2019

Harry Lee Gillam, Jr.
Texas State Bar No. 07921800
gil@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

/s/ Irene Yang
**Michael J. Bettinger**
California State Bar No. 122196
(Admitted to the E.D. Tex. Bar)
mbettinger@sidley.com
**Vernon M. Winters**
California State Bar No. 130128
(Admitted to the E.D. Tex. Bar)
vwinters@sidley.com
**Irene Yang**
California State Bar No. 245464
(Admitted to the E.D. Tex. Bar)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

**Sharon Lee**
(admitted pro hac vice)
sharon.lee@sidley.com
**Samuel A. Dillon**
(admitted pro hac vice)
samuel.dillon@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

**Andrew T. Langford**
Texas State Bar No. 24087886
alangford@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75206
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

*Counsel for Defendants and
Counterclaimants, BITCO General
Insurance Corp., f/k/a, Bituminous
Casualty Corp.; BITCO National
Insurance Co., f/k/a Bituminous Fire and
Marine Insurance Co.: and Great West*

15

████████████████████████████████

*Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have been served with the foregoing document by electronic mail on this sixth day of February, 2019.

*/s/ Irene Yang*
Irene Yang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is filed under seal pursuant to the Protective Order (Dkt. No. 59) approved and entered in this case.

*/s/ Irene Yang*
Irene Yang