████████████████████████████

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Intellectual Ventures II LLC, | |
| *Plaintiff and Counter-Defendant*, | |
| v. | Case No. 6:18-CV-00298-JRG |
| BITCO General Insurance Corp., f/k/a, Bituminous Casualty Corp.; and BITCO National Insurance Co., f/k/a Bituminous Fire and Marine Insurance Co., | LEAD CASE |
| | **ORAL ARGUMENT REQUESTED** |
| *Defendants and Counterclaimants*. | |
| Intellectual Ventures II LLC, | |
| *Plaintiff and Counter-Defendant*, | |
| v. | Case No. 6:18-CV-00299-JRG |
| Great West Casualty Company, | |
| *Defendant and Counterclaimant*. | |

**BITCO AND GREAT WEST'S SEALED MOTION
FOR SUPPLEMENTAL CLAIM CONSTRUCTION**

████████████████████████████████

Defendants[1] respectfully request an order construing the term "manage *any* content" in claim 14 of asserted U.S. Patent No. 5,716,177 ("the '177 patent") to mean "manage *all* stored content," the same construction recently adopted by Magistrate Judge Mitchell in *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG-KNM, Dkt. 134 (E.D. Tex. Jan. 31, 2019) ("Kemper Order").

Defendants ordinarily would not have requested construction of "manage any content" because Defendants believe that the plain and ordinary meaning is clear.  However, Plaintiff Intellectual Ventures II LLC ("IV II") has already effectively sought construction of "manage any content" under the guise of its Motion *in Limine* No. 12 (Dkt. 234 at 6-7), which seeks to preclude Defendants' technical expert from offering opinions based on his understanding of the plain and ordinary meaning of "manage any content."  Given that Judge Mitchell has now construed "manage any content" consistent with the plain and ordinary meaning adopted by Defendants' technical expert, and that Judge Mitchell expressly rejected IV II's understanding of the plain and ordinary meaning, Defendants request that the Court officially enter Judge Mitchell's construction of "manage any content" in the present cases and thereby clarify an area of disagreement between the parties.

I.      **BACKGROUND**

Claim 14 of the '177 patent is the only asserted claim.  It requires "[t]he apparatus of claim 11 wherein the centralized access point is further operative to enable a user to *manage any*

---

[1] "Defendants" refers to collectively BITCO General Insurance Corp. and BITCO National Insurance Co. ("BITCO") and Great West Casualty Company ("Great West").

██████████████████████████████████████

*content* contributed by them."  The phrase "manage any content" has not been construed in these cases.[2]

Defendants' technical expert, Dr. Crovella, offered opinions based on his understanding that the plain and ordinary meaning of "enable a user to manage *any* content contributed by them" requires the user to "be able to manage *all* of the content they've contributed."  Dkt. 234-7 at 83:5-14 ("that's the plain meaning") (emphasis added); *e.g.*, Ex. A (Crovella Non-Infringement Report) to Sealed Declaration of Andrew T. Langford in Support of BITCO and Great West's Sealed Motion for Supplemental Claim Construction ("Langford Declaration") ¶¶ 101, 180, 184, 203, 222.

IV II did not argue that Dr. Crovella's reports contained any untimely claim construction arguments.  Nor did IV II file a motion to strike any of Dr. Crovella's opinions on the December 7, 2018 deadline to file motions to strike expert testimony (Dkt. 197 at 3).  Then, on January 23, 2019, IV II filed its Motion *in Limine* No. 12 asserting that Dr. Crovella's understanding of "manage any content" is an untimely claim construction argument that should be precluded under Fed. R. Evid. 402 and 403.  Dkt. 234 at 6-7.

Thus, in effect, IV II's Motion *in Limine* No. 12 seeks to preclude any interpretation of the plain and ordinary meaning of "manage any content" aside from its own.  IV II has asserted that the plain and ordinary meaning of "any" means "one or some indiscriminately of whatever kind."  Kemper Order at 22.  However, Judge Mitchell has now ruled that IV II's interpretation of the plain and ordinary meaning is incorrect.

---

[2] IV II admitted and stipulated that the term "content" "does not include 'links to content, information about content, and information about users including information about which content a user has chosen.' Ex. B  (Response to Request for Admission No. 120) to the Langford Declaration; Dkt. 251 at 9-10 (Pretrial Order, Uncontested Fact Nos. 15, 30).

█████████████████████████████████████████████████████

In particular, IV II asserted the '177 patent in another case before this Court, *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG-KNM.  In that case, the parties disputed the same issue presented here—whether "any" in the phrase "manage any content" means "all," as opposed to "one" or "some."  Kemper Order at 22.

On January 31, 2019, Judge Mitchell entered an order rejecting IV II's interpretation of "any" and construing "manage any content" to mean "manage all stored content," consistent with the understanding of Defendants' expert Dr. Crovella.  *Id*. at 24.  Judge Mitchell found that this construction comported with the specification as well as various district court decisions that "have concluded ['any'] is synonymous with 'all.'"  *Id.* at 22-24.

## II.    ARGUMENT

Judge Mitchell correctly construed "manage any content" to mean "manage all stored content."  The Court should adopt that construction in this case.  Otherwise, IV II will advance its view of the plain and ordinary meaning of "manage any content" before the jury that Judge Mitchell already found to be erroneous as a matter of law, after IV II had a full and fair opportunity to contest the issue.

Judge Mitchell's construction is supported by the intrinsic record and the case law.  Beginning with the claim language, claim 14 is directed to an "apparatus" in which "the centralized access point is operative to enable a user to manage ***any*** content contributed by them."  The plain, facial meaning of the claim language is that all content contributed by the user is manageable.

As Judge Mitchell found, that interpretation is also supported by the specification.  Kemper Order at 22-24.  For example, the specification teaches "that contributed content is stored on a server."  *Id.* at 22-23; *see, e.g.*, Ex. C ('177 patent) to the Langford Declaration at 46:28-30 ("The content upload and delivery system of Applicant's web site supports the upload

████████████████████████████████████████████

and storage of web content onto servers at Applicant's web site."). The specification then

discusses a screen in which "a user can visually identify a listing of *all content contributions*

that they have made . . . ." *Id.* at 46:38-45 (emphasis added), Fig. 42A-42B.



"Likewise, other district courts that have considered the term 'any' have concluded it is

synonymous with 'all.'" Kemper Order at 23-24 (collecting cases). Thus, Judge Mitchell's

opinion correctly determined that the claim term "manage any content" means "manage all

stored content," consistent with the understanding of the plain meaning of this term by one of

ordinary skill in the art.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to adopt Judge

Mitchell's construction of "manage any content."

███████████████████████████

Dated: February 15, 2019

    **Harry Lee Gillam, Jr.**
Texas State Bar No. 07921800
gil@gillamsmithlaw.com
Gillam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

*/s/ Irene Yang*

**Michael J. Bettinger**
California State Bar No. 122196
(Admitted to the E.D. Tex. Bar)
mbettinger@sidley.com
**Vernon M. Winters**
California State Bar No. 130128
(Admitted to the E.D. Tex. Bar)
vwinters@sidley.com
**Irene Yang**
California State Bar No. 245464
(Admitted to the E.D. Tex. Bar)
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

**Sharon Lee**
(admitted pro hac vice)
sharon.lee@sidley.com
**Samuel A. Dillon**
(admitted pro hac vice)
samuel.dillon@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

**Andrew T. Langford**
Texas State Bar No. 24087886
alangford@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave, Suite 2000
Dallas, TX 75206
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

*Counsel for Defendants and
Counterclaimants, BITCO General
Insurance Corp., f/k/a, Bituminous
Casualty Corp.; BITCO National
Insurance Co., f/k/a Bituminous Fire and*

5

███████████████████████████████

*Marine Insurance Co.: and Great West Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have been served with the foregoing document by electronic mail on February 15, 2019.

*/s/ Irene Yang*
Irene Yang

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties met and conferred with respect to this motion as required by Local Rule CV-7(h) via telephone on February 13, 2019.  Intellectual Ventures II LLC was represented by Ty Wilson.  Counsel for Defendants explained the relief sought herein, but the parties did not reach resolution.  Accordingly, the parties are at an impasse and the instant motion is opposed by IV.

*/s/ Irene Yang*
Irene Yang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is filed under seal pursuant to the Protective Order (Dkt. No. 59) approved and entered in this case.

*/s/ Irene Yang*
Irene Yang