# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO.  6:18-CV-00298-JRG (LEAD CASE) |
| BITCO GENERAL INSURANCE CORPORATION F/K/A BITUMINOUS CASUALTY CORPORATION, ET AL., | § § § § § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO.  6:18-CV-00299-JRG |
| GREAT WEST CASUALTY COMPANY, | § § § | |
| *Defendant*. | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matters on February 20, 2019, regarding pretrial motions and motions *in limine* ("MIL") filed by Plaintiff Intellectual Ventures II LLC ("IV" or "Plaintiff") and Defendants BITCO General Insurance Corporation f/k/a Bituminous Casualty Corporation and BITCO National Insurance Company f/k/a Bituminous Fire and Marine Insurance Company (collectively, "BITCO") and Defendant Great West Casualty Company ("Great West").  (Dkt. No. 265.)  This Order summarizes and memorializes the Court's rulings and reasons therefor on the aforementioned motions as announced into the record, including additional instructions that were given to BITCO and Great West (collectively,

"Defendants") and IV (together, "Parties").  (*See* Dkt. No. 269.)  While this Order summarizes the

Court's rulings during the Pretrial Conference, this Order in no way limits or constrains such

rulings from the bench.  Accordingly, it is hereby **ORDERED** as follows:

## I.     PRETRIAL MOTIONS

BITCO's Motion for Partial Summary Judgment of Non-Infringement (Dkt. No. 208) was

**DENIED AS MOOT** in view of BITCO and IV's stipulation relating thereto (Dkt. No. 229-1).

Likewise, Great West's Motion for Partial Summary Judgment of Non-Infringement (Dkt. No.

207) was **DENIED AS MOOT** in view of Great West and IV's stipulation relating thereto (Dkt.

No. 230-1).

Great West's Motion to Strike Portions of the Expert Report of Dr. Hugh Smith (Dkt. No.

206) was **GRANTED-IN-PART** and **DENIED-IN-PART**.   The requested relief regarding

"claims upload" functionality was **GRANTED** in view of Dr. Smith's recantation, and the portions

of pages 8, 53–54, and 56–58 of Dr. Smith's report that address claims upload functionality are

**STRICKEN**.   Additionally, the requested relief regarding "reporting policy" functionality was

**DENIED**.  Lastly, the requested relief regarding "Quik-R8" functionality was **GRANTED**, and

the portions of pages 6–7, 53, 56–57, and 83–85 of Dr. Smith's report that address Quik-R8

functionality are **STRICKEN**.

Defendants' Motion for Supplemental Claim Construction (Dkt. No. 256) was **CARRIED**

for resolution along with IV's MIL No. 12 (Dkt. No. 234 at 6–7).  (*See* Dkt. No. 279 (granting in

part and denying in part).)

Defendants' Motion for Summary Judgment of Invalidity (Dkt. No. 209) was **DENIED**.

## II.     MOTIONS IN LIMINE

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

### A.     <u>Joint Motions in Limine</u>

<u>The Parties' Joint MIL No. 1 (Dkt. No. 233 at 2):</u> Preclude argument or evidence concerning God or Jesus, the religious beliefs, political convictions, race, ethnicity, nationality, native language, or sexual orientation of a party, witness, or counsel, or relative distance of a witness, party, or counsel's residence to Texas, including differentiating the place of residence of a witness, party, or counsel from Texas.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

<u>The Parties' Joint MIL No. 2 (Dkt. No. 233 at 2):</u> Preclude references to discovery disputes, including any suggestion that Defendants have not engaged in good faith discovery or withheld or failed to produce material to which Plaintiff claims to be entitled, and any reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

<u>The Parties' Joint MIL No. 3 (Dkt. No. 233 at 2):</u> Exclude evidence or argument relating to any discovery disputes or alleged failure by any party to produce information during discovery, including any suggestion that the parties have not engaged in good faith discovery or reference to the assertion of objections or the assertion of privileges that occurred pre-trial or during discovery.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

<u>The Parties' Joint MIL No. 4 (Dkt. No. 233 at 2):</u> Preclude references to rulings on pre-trial motions or Defendants' motions to transfer, except that the parties may inform the jury of the Court's claim constructions and the parties' stipulations.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 5 (Dkt. No. 233 at 2): Preclude evidence, testimony, or argument regarding the costs incurred in prosecution or defense of this lawsuit, except that expert witnesses may be questioned about compensation.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 6 (Dkt. No. 233 at 2): Preclude argument, testimony, evidence, reference to, or suggestion that a party's expert or other witness has or has not been hired or retained by any party or counsel in this case as to unrelated litigation matters.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 7 (Dkt. No. 233 at 2): Exclude evidence or argument relating to any private aircraft owned by Intellectual Ventures, or by any principals, employees, or investors of IV.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 8 (Dkt. No. 233 at 2): Exclude evidence or argument relating to the personal wealth of IV principals, employees, and investors.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 9 (Dkt. No. 249 at 2): Preclude argument, evidence, or suggestion of widespread infringement by third-parties.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 10 (Dkt. No. 249 at 2): Preclude IV from arguing or suggesting that Defendants engaged in copying.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 11 (Dkt. No. 249 at 2–3): Preclude commentary about the absence of potential witnesses over whom a party has no control without leave of Court.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 12 (Dkt. No. 249 at 3): Exclude evidence or argument relating to any witnesses not disclosed during discovery.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 13 (Dkt. No. 249 at 3): Preclude evidence or argument regarding fee arrangements with a party's counsel, and evidence or argument regarding the amount of legal fees and expenses a party has paid in the prosecution or defense of this litigation.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 14 (Dkt. No. 249 at 3): Preclude evidence or argument relating to any Court rulings on evidence or motions *in limine*. This motion *in limine* does not preclude a party from making objections based on the Court's rulings on evidence or motions *in limine*.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 15 (Dkt. No. 249 at 3): Preclude evidence or argument relating to any alleged local effect of a judgment, such as arguments that jury verdicts for the opposing party, patent infringement lawsuits, or this suit have had or will have any impact or effect, for good or ill, on the insurance premiums of the public, on the business climate of the Eastern District of Texas, any county, city, or town in the Eastern District of Texas or any other town, city, county or state.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 16 (Dkt. No. 249 at 3): Exclude evidence or argument relating to any testimony, evidence, or argument regarding Defendants' patents that allegedly relate to any accused products.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 17 (Dkt. No. 249 at 3): Preclude arguments or evidence regarding whether Defendants obtained opinions of counsel.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

The Parties' Joint MIL No. 18 (Dkt. No. 263 at 3): Preclude argument, evidence, or suggestion that a Defendant forced Plaintiff to waste the jury's time by not settling.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

### B.      Plaintiff's Motions in Limine

Plaintiff's MIL No. 2 (Dkt. No. 234 at 2–3): Exclude evidence relating to any post-grant proceedings involving the Patent-in-Suit or any other patents owned by IV, including but not limited to IV's affirmative disclaimer of patent claims.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**. However, this MIL does not preclude use of statements from PTAB post-issuance proceedings for impeachment purposes.  To the extent such statements are used for impeachment, the Parties shall not identify the forum in which the statements were made.

Plaintiff's MIL No. 3 (Dkt. No. 234 at 3): Exclude evidence or argument relating to any other litigation involving IV and any orders therefrom, including lawsuits between IV and Defendants' parent company, Old Republic, any other insurance company, or any other company of any kind.

6

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.  The

Parties also agreed that Defendants are permitted to discuss the HCC, Kemper, and Highmark

settlement agreements and Plaintiff is permitted to provide context to those agreements.

Plaintiff's MIL No. 4 (Dkt. No. 234 at 3–4): Exclude evidence or argument relating to an

alleged "insurance program," "banking program," or any other alleged patent assertion program

by IV.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Plaintiff's MIL No. 5 (Dkt. No. 234 at 4): Exclude evidence or argument relating to any

"divestiture program" by IV.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Plaintiff's MIL No. 6 (Dkt. No. 234 at 4): Exclude evidence or argument relating to any

derogatory, profane, or aggressive comments attributable to IV's founder, Dr. Nathan Myhrvold.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Plaintiff's MIL No. 7 (Dkt. No. 234 at 4–5): Exclude evidence or argument relating to

whether or not IV has lost money on its funds or the plans for any other funds.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

In light of the Court's ruling on Joint MIL No. 13, Plaintiff's MIL No. 8 (Dkt. No. 234 at

5–6) was **DENIED AS MOOT**.

In light of the Court's ruling on Joint MIL No. 14, Plaintiff's MIL Nos. 9 and 10 (Dkt. No.

234 at 6) were **DENIED AS MOOT**.

Plaintiff's MIL No. 11 (Dkt. No. 234 at 6): Exclude evidence or argument relating to any

Court rulings on claim construction.

The motion *in limine* was **WITHDRAWN**.  The Claim Construction Order's (Dkt. No. 116) provisions regarding prohibitions on mentioning the contents of such order, except the actual constructions adopted therein, remain fully in force.

Plaintiff's MIL No. 12 (Dkt. No. 234 at 6–7): Exclude evidence or argument relating to any untimely claim construction arguments and arguments that conflict with or are outside the Court's claim construction order.

The motion *in limine* was **CARRIED** and for resolution along with Defendants' Motion for Supplemental Claim Construction (Dkt. No. 256).  (*See* Dkt. No. 279 (denying same as moot).)

Plaintiff's MIL No. 13 (Dkt. No. 234 at 7–8): Exclude evidence or argument relating to any uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative.

The motion *in limine* was **WITHDRAWN**.

Plaintiff's MIL No. 14 (Dkt. No. 234 at 8–10): Exclude evidence or argument offered to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Crovella's declaration.

The motion *in limine* was **WITHDRAWN**.

Plaintiff's MIL No. 15 (Dkt. No. 234 at 10): Exclude evidence or argument relating to any patent, claim, theory, or accused product or functionality that has been dropped or dismissed from the case or any prior case.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Plaintiff's MIL No.16 (Dkt. No. 234 at 10–11): Exclude evidence or argument relating to any amended pleadings, discovery, and contentions.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Plaintiff's MIL No. 17 (Dkt. No. 234 at 11): Exclude evidence or argument offered to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Crovella's declaration.

The motion *in limine* was **WITHDRAWN**.

Plaintiff's MIL No.18 (Dkt. No. 234 at 11–12): Exclude evidence or argument relating to any alleged USPTO Workload.  Defendants should not be permitted to offer any comment, speculation or argument that the United States Patent & Trademark Office and/or its examiners are not diligent, are prone to error or overworked, or that the USPTO is backlogged or not functioning properly now or at the time of the issuance of the Patent-in-Suit.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

In light of the Court's ruling on Joint MIL No. 15, Plaintiff's MIL No. 19 (Dkt. No. 234 at 12) was **DENIED AS MOOT**.

In light of the Court's ruling on Joint MIL No. 16, Plaintiff's MIL No. 20 (Dkt. No. 234 at 12) was **DENIED AS MOOT**.

In light of the Court's ruling on Joint MIL No. 12, Plaintiff's MIL No. 21 (Dkt. No. 234 at 13) was **DENIED AS MOOT**.

Plaintiff's MIL No. 22 (Dkt. No. 234 at 13): Exclude evidence or argument relating to any documents or tangible things not produced during discovery.

The motion *in limine* was **WITHDRAWN**.

C.      **Defendants' Motions in Limine**

Defendants' MIL No. 1 (Dkt. No. 235 at 1): Preclude arguments or evidence denigrating Defendants, including criticisms of insurance companies or their alleged general failure to license

9

patents, painting a "David and Goliath" scenario, analogizing Defendants' conduct to failure to properly pay out an insurance claim, analogizing invalidation of a patent to taking a loved one away, or analogizing patent infringement to theft, criminal activity, "free riding," piracy, and the like.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 2 (Dkt. No. 235 at 1–2): Preclude mention, argument, or evidence of other litigation involving Defendants or members of their corporate family.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

In light of the Court's ruling on Joint MIL No. 18, Defendants' MIL No. 3 (Dkt. No. 235 at 2) was **DENIED AS MOOT**.

Defendants' MIL No. 4 (Dkt. No. 235 at 2–3): Preclude argument, evidence, or suggestion that HCC or any other company settled or licensed because it knew it infringed or that the '177 Patent was valid.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 5 (Dkt. No. 235 at 3): Preclude argument or suggestion that Defendants' systems work the same way as companies who have licensed, or that licenses show Defendants infringe.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 6 (Dkt. No. 235 at 4): Preclude argument or suggestion that license agreements show that the '177 Patent is valid.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

In light of the Court's ruling on Joint MIL No. 9, Defendants' MIL No. 7 (Dkt. No. 235 at 4) was **DENIED AS MOOT**.

10

Defendants' MIL No. 8 (Dkt. No. 235 at 5): Preclude argument or suggestion that non-infringement and patent invalidity are <u>excuses</u> ~~"excuses" or the like~~.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES** with the modifications[1] indicated above.

Defendants' MIL No. 9 (Dkt. No. 235 at 5–6): Preclude evidence or argument that products of IV, the inventors, or any third party practice the patent.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

In light of the Court's ruling on Joint MIL No. 17, Defendants' MIL No. 10 (Dkt. No. 235 at 13) was **DENIED AS MOOT**.

Defendants' MIL No. 11 (Dkt. No. 235 at 6–7): Preclude mention of Dr. Crovella's patents, except as it relates to his qualifications.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 12 (Dkt. No. 235 at 7–8): Limit IV's infringement proofs consistent with its stipulations at Dkt. Nos. 229-1 and 230-1.

The motion *in limine* was **GRANTED-IN-PART** by agreement of the Parties.  The Parties also agreed that the portion of Defendants' MIL No. 12 that recites "[a] practical result of the foregoing . . . . IV II should be precluded from suggesting that the above-identified web portals infringe claim 14" was **WITHDRAWN**.  (*See id.* at 8.)

Defendants' MIL No. 13 (Dkt. No. 235 at 8–9): Preclude evidence or argument from IV that links to content, information about content, or information about users are "content."

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES** to abide by Request for Admission No. 120.

---

[1] Additions are denoted with underlining, and deletions are denoted with strikethroughs.

In light of the Court's ruling on Joint MIL No. 10, Defendants' MIL No. 14 (Dkt. No. 235 at 9–10) was **DENIED AS MOOT**.

Defendants' MIL No. 15 (Dkt. No. 235 at 10–11): Preclude references to or arguments regarding the findings or outcomes of PTAB post-issuance proceedings, except that testimony and statements may be used for impeachment without identifying that they are from a PTAB post-issuance proceeding.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 16 (Dkt. No. 235 at 11–13): Preclude references to total sales, revenues, profits, and overall financial status of Defendants or any of Defendants' affiliated companies.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 17 (Dkt. No. 235 at 13–14): Preclude references to BITCO, including the outcome of the BITCO trial, in the Great West trial, and vice versa.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

Defendants' MIL No. 18 (Dkt. No. 235 at 14–15): Preclude references to the licenses and information therein that are undisputedly not relevant to the damages analysis.

The motion *in limine* was **GRANTED-BY-AGREEMENT OF THE PARTIES**.

In light of the Court's ruling on Joint MIL No. 11, Defendants' MIL No. 19 (Dkt. No. 235 at 15) was **DENIED AS MOOT**.

### D.      Overlapping Motions in Limine

Plaintiff's MIL No. 1 (Dkt. No. 234 at 1–2): Exclude pejorative references to IV or It's business model (e.g., 'patent troll,' 'non- practicing entity,' 'patent assertion entity,' 'a company that doesn't make anything,' or 'a company that doesn't sell anything'). Additionally, Defendants'

MIL No. 20 (Dkt. No. 235 at 15): Preclude argument or evidence by Plaintiff about entities that are not Plaintiff (e.g., non-Plaintiff Intellectual Ventures entities).

The motions *in limine* were **GRANTED**.  Defendants are allowed to explore Plaintiff's factual business model at a high level and in wholly non-pejorative terms.  If Defendants elect to do so, Plaintiff is permitted to indicate its relationship to a larger, overall enterprise.

## III.    EXHIBITS

The Parties represented to the Court that all exhibits disputes were resolved through the meet and confer process.  (Dkt. No. 269 at 106:12–107:14.)  The Court commended the Parties' efforts and instructed the Parties to file a Notice with the Court identifying the complete universe of exhibits to be pre-admitted for trial.  (*Id.* at 107:15–108:18.)  The Parties' proffered exhibits are deemed **ADMITTED** when used before the jury during trial.  (*See* Dkt. Nos. 266, 268, and accompanying exhibits.)

**So ORDERED and SIGNED this 7th day of March, 2019.**

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE